ISON *vs.* MANLEY.

CERTIORARI, FROM SPALDING. Municipal Corporations. Griffin. Nuisance. Pleadings. (Before Judge Stewart.)

Jackson, C. J.—The charter of the city of Griffin gives it no authority to define a nuisance, but it has only the power to prescribe the mode and manner of trying all charges thereof, and the state law must determine what a nuisance is which may be so abated. Therefore a petition by a property owner to abate a nuisance consisting of an encroachment on one of the streets of the city should have shown some special damage to him in which the public did not participate, and in the absence thereof, such a petition was properly dismissed on demurrer. Charter of Griffin §14; Ordinances of Griffin §§229, 234, 235, 236. Code, §§3000, 2997, 2998, 2999; 50 Ga., 451, 462.

Judgment affirmed.

F. D. Dismuke; S. C. McDaniel, for plaintiff in error.

Beck & Beeks; E. W. Hammond, for defendant.

---

GLASS *vs.* WYN, EXECUTOR.

ALIMONY, FROM HENRY. Husband and Wife. Cruelty. Alimony. (Before Judge Stewart.)

Jackson, C. J.— 1. Where the testimony as to the material facts on an application for alimony was conflicting, and there was enough to support the finding of the court below, this court will not interfere with his discretion.

2. A wife may proceed against her husband for alimony where they are living separately, or are *bona fide* in a state of separation, there being no action for divorce pending, and it is immaterial what brought about this separation. Code, §1747.

(a) This ruling does not conflict with that in Hawes *vs.* Hawes, 66 Ga., 142. If so, the remark in that case is obiter.

3. Even if there must be cruel treatment or voluntary separation in order that this proceeding may be had, cruel treatment may exist from conduct other than blows. Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person; and that which produces the one is not more cruel than that which causes the other. 66 Ga., 771, 776.

Judgment affirmed.

Geo. W. Bryan; E. J. Reagan, for plaintiff in error.

Bigby & Dorsey, for defendant.