Honolulu, July 26, 1884.

---

HARRIET A. COLEMAN *vs.* CHARLES C. COLEMAN.

APPEAL FROM DECREE OF THE CHIEF JUSTICE GRANTING A SEPARATION.

OCTOBER TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Voluntary gifts and assistance to the wife, from members of her own family, held not to be proof of the husband's failure to support her.

"Cruelty" defined and held not proven in this case.

Evans vs. Evans, 1 Hag. Con., 35 ; 4 Eng. Ecc., 310; followed.

Decree appealed from, reversed; Judd, C. J., dissenting.

OPINION OF A MAJORITY OF THE COURT, JUDD, C. J., DISSENTING.

THIS is a petition for separation, based on the two grounds of neglect to provide the petitioner with the necessaries of life and of excessive and habitual ill-treatment.

The proofs respecting the first ground amount substantially to this, that the defendant's father-in-law had assisted him with capital, and had for a part of the time entertained the parties, with their young son, in his own house. This assistance was volunteered in a kind spirit by the father-in-law. He says : "They came by invitation. I thought his business was not very prosperous and that he was unable to furnish board and lodging for his family." There were also some presents of dress material made to the wife by members of the family returning from a visit abroad. But it does not appear that these volunteer acts of kindness on the part of the wife's family had become necessary to save

the wife from suffering, and that the husband would not have provided for her if they had not been offered. We consider that it would be unsafe to hold that the family of the wife could lay a ground for separation for non-support by gifts or hospitality offered the married daughter.

The case is chiefly pressed on the second ground—of excessive and habitual ill-treatment. We take the doctrine expressed by Lord Stowell, in the leading case of *Evans vs. Evans*, in these words: "What merely wounds the mental feelings is in few cases to be admitted where not accompanied with bodily injury, either actual or menaced. Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty."

The evidence does not support, in our view, "an apprehended harm." The proceeding is in effect *quia timet*. It is for safety in the future, not retribution for the past. Bishop on Mar. and Div., 1, Sec. 719.

The evidence shows strong affection of the defendant for his wife and child. In the differences between them the wife, by her own testimony, has more often prevailed. There may be peculiarities or "difficulties" in the temper of the defendant; there may be incongruities or incompatibilities of disposition and habit between the parties; to such must be applied the words of Lord Stowell, in *Evans vs. Evans*, "under such misconduct of either of the parties—for it may exist on one side as well as on the other—the suffering party must bear in some degree the consequences of an injudicious connection; must subdue by decent resistance or by prudent conciliation; and if this cannot be done both must suffer in silence."

We dismiss the complainant's bill and revoke the decree of separation for a year made by the Chief Justice.

*A. S. Hartwell*, for plaintiff.

*C. W. Ashford*, for defendant.

Honolulu, January 12, 1885.