## MOSES KAUHIMAHU *v.* ANNIE KAUHIMAHU.

### APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED MARCH 15, 1909.                    DECIDED MARCH 19, 1909.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

DIVORCE—*extreme cruelty.*

"It is not extreme cruelty for a wife to join a sect and obey the instructions of its leader who pretended to be inspired that women members of the sect live with him and apart from their husbands, the evidence showing that the husband's health was not impaired thereby."

### OPINION OF THE COURT BY HARTWELL, C. J.

The plaintiff obtained a decree of divorce from his wife on the ground of extreme cruelty which consisted in her joining a sect organized by one Ezera who claims to have communications with the spirits of deceased persons and to be able to obtain their curse or blessing upon members of the sect. Pretend-

ing to be inspired by the spirits he instructed women members of the sect to live apart from their husbands and cohabit with him. The defendant obeyed these instructions on several occasions, and was once arrested for participation in a public exhibition of fanaticism, but each time her offense was condoned and marital relations resumed. Finding, however, that she was disobeying his instructions to have no further communications with members of the sect plaintiff brought a libel for divorce alleging that his home was broken up and ruined and that he thereby suffered extreme mental agony which preyed upon him so as to impair his sleep, appetite, ability to work and his health.

In *Bartlett v. Bartlett,* 13 Haw. 707, 708, the court say: "Mental suffering is not generally deemed sufficient unless it is such as to impair the health, in other words, if mental suffering is sufficient, its test is generally that it impairs the health." The wife's conduct in this case certainly ought to make the husband's home life unbearable but it will not do to grant divorces on the ground that the married pair are unendurable to each other. Causing mental agony is not, under our statute, extreme cruelty. As stated by the court in the *Bartlett* case, "From the very nature of the case no definition of extreme cruelty can be framed which can be satisfactorily or easily applied to all cases."

The plaintiff testified that his wife's conduct worried him so that he did not sleep well and kept him from study and work, but that it did not affect his health. Whether the evidence would sustain a finding of adultery or not we cannot hold that it shows a case of extreme cruelty. *Coleman v. Coleman,* 5 Haw. 260.

Decree reversed, libel dismissed.

*J. Lightfoot* for plaintiff.

*J. M. Vivas* and *A. G. Correa* for defendant.