THERESA JACINTHO v. JOSEPH JACINTHO.

No. 2091.

SUBMITTED OCTOBER 18, 1933.     DECIDED DECEMBER 9, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is a divorce proceeding brought under the provisions of section 2965, R. L. 1925, as amended by Act 196, L. 1931. The acts relied upon to entitle the libellant to a divorce are set forth in paragraph five of the libel in part as follows: "That libellee has been guilty toward the libellant of such cruel treatment, neglect and personal indignities, though not amounting to physical cruelty, which cruel treatment, neglect and personal indignities has continued over a course of more than sixty (60) days last past and has been such as to render the life of libellant burdensome and intolerable and the further living together of libellant with libellee insupportable; that libellee has been guilty of cruel treatment towards libellant by using insulting language;" then follow four opprobrious terms alleged to have been applied by the libellee to the libellant "and, without cause or provocation, falsely accusing the libellant of having illicit relations with other men."

The answer was a general denial. The case went to trial upon its merits. When libellant had rested, libellee moved to dismiss the libel on the ground that libellant had failed to make out a *prima facie* case under Act 196,

L. 1931, and this motion was denied by the court. Upon submission on the facts the trial judge in the course of his oral decision said: "I find from all the evidence that the allegations of the libel are sustained. The court finds that the calling of these vile names, coupled with the physical assault, and statements in the presence of outsiders that the woman was diseased, constitutes cruelty within the meaning of our 1931 statute. A decree of absolute divorce is granted on the ground alleged in the libel, personal indignities rendering living together intolerable."

A decree dissolving the bonds of matrimony between the parties followed. The case is before us upon the libellee's writ of error. The writ is supported by four assignments of error as follows: "I. That the judge of the court of domestic relations erred in holding and finding that the libellee, plaintiff-in-error herein, was guilty of such cruelty toward the libellant, defendant-in-error herein, within the meaning of the provisions of Act 196 of the Session Laws of Hawaii of 1931, as entitled her to a decree of divorce on that ground. II. That the said judge of the court of domestic relations erred in entering a decree herein in favor of the libellant, defendant-in-error herein, and against libellee, plaintiff-in-error herein. III. That the said judge of the court of domestic relations erred in not dismissing the libel of the libellant, defendant-in-error herein. IV. That said Act 196 of the Session Laws of Hawaii of 1931, paragraph 8 thereof, upon which the decree of divorce in the above entitled matter was granted, is void for uncertainty and indefiniteness and is void as failing to furnish an ascertainable standard of marital culpability as grounds for divorce."

The case is submitted to this court on briefs alone and in them only one main question is argued, which is

thus set forth by the libellee, plaintiff-in-error: "This appeal is intended to bring in question the validity of this new ground of divorce, it being our contention that the section creating this ground of divorce is void for indefiniteness and contains no ascertainable standard of the marital culpability which would entitle a spouse to divorce or render a spouse liable for divorce." No other question therefore need be considered. Section 2965, R. L. 1925, as amended by Act 196, L. 1931, sets forth in nine numbered subsections the grounds for divorce. Subsection eight sets forth new grounds, not theretofore provided. Section 2965, as amended, with reference to these new grounds now provides that divorce from the bonds of matrimony shall be granted "when either party is guilty toward the other of such cruel treatment, neglect or personal indignities, though not amounting to physical cruelty, continued over a course of not less than sixty days, as to render the life of the other burdensome and intolerable and their further living together insupportable." It is argued that the terms "cruel treatment, neglect or personal indignities" in their above context are so "vague, uncertain and indefinite" as to render the provision unenforceable. These terms and similar terms have found place in the statutes of other jurisdictions and have been applied to facts in specific cases and the statutes have been enforced. Thus we find the terms "gross neglect of duty" (*Duhme* v. *Duhme,* 30 Oh. Dec. 95, digested in 17 C. D. 428, 2 Schouler, Mar. & Div. [6th Ed.], 1870, and cases cited), "gross misbehavior and wickedness repugnant to and inconsistent with the marriage contract" (*Stevens* v. *Stevens,* 8 R. I. 557), "excessively vicious conduct" (*Shutt* v. *Shutt,* 71 Md. 193, 17 Atl. 1024, 17 Am. St. Rep. 519), "personal indignities" rendering the condition of complaining spouse burdensome or intolerable (*Brubaker* v. *Brubaker,* 16

Pa. Co. Ct. Reps. 314, *Bedal* v. *Bedal* [Mo.], 2 S. W. [2d] 180, 183, *Whitwell* v. *Whitwell,* 318 Mo. 476, 300 S. W. 455), all sufficiently definite and certain to be dealt with by the courts. Seldom is exact definition attempted but divorces are granted or refused as the facts in each case are found to conform or not to conform to the statutory designation. So, too, cruelty other than physical cruelty and less than the "extreme cruelty" designated as a separate ground of divorce in the sixth subsection of section 2965, R. L. 1925, as amended by Act 196, L. 1931, has been dealt with as an understandable term. See *Holyoke* v. *Holyoke,* 78 Me. 404, 6 Atl. 827, 828; *Bailey* v. *Bailey,* 97 Mass. 373, 378; *Glass* v. *Wynn,* 76 Ga. 319, 322. See also 2 Words & Phrases (1st Ser.) 1774. And this is likewise true of the terms "neglect" and "studied neglect" in a sense other than that of nonsupport. The species of cruelty and neglect above referred to have usually been dealt with as "indignities." See *Bell* v. *Bell,* 14 S. W. (2d) 551, 553, 179 Ark. 171; *Bedal* v. *Bedal* and *Whitwell* v. *Whitwell, supra.* The terms "cruel treatment," "neglect" and "personal indignities" producing the effect expressly named in the statute are more easily applied than is the term "extreme cruelty," without further qualification, found in our statutes for the past sixty-three years, and applied, without precise definition, to the facts in many cases. See *De Coito* v. *De Coito,* 21 Haw. 339, and cases therein cited.

As to the alleged indefiniteness of the words "continued over a course of not less than sixty days" used in the section of the statute now under discussion with reference to the "cruel treatment, neglect or personal indignities" therein referred to, no greater difficulty of construction is encountered than in construing the words "desertion for the term of six months," "insanity * * *

for three years or more," neglect or refusal to provide suitable maintenance for the wife "for a continuous period of not less than sixty days," all found in section 2965 prior to the amendment of 1931, and many of them, or similar provisions, having been in force for many years theretofore. None of them provides expressly that said term shall be immediately preceding the libel for divorce, or when in fact it shall begin. Yet each has been enforced from the date of its enactment. No instance has been cited to us where any one of the terms thus employed has been held to be too vague or uncertain for enforcement and upon independent research we have found no such instance.

As in the cases cited, general definition will not be attempted but the law will be applied to the facts as presented. In the instant case the trial judge found from sufficient evidence "that the libellee on numerous occasions for a period of more than sixty days called his wife vile and opprobrious names," setting forth two of them, "not only in the privacy of her home, but in the presence of others," and furthermore "that libellee on numerous occasions accused her of having improper relations with one John Ferreira * * * and further accused her of having some disease and said he would no longer live with her as his wife. * * * Libellant has testified that on one occasion libellee pushed or shoved her in such a violent way she was thrown clear across the room. There is no denial of that testimony on the part of the libellee." Then follow the conclusion quoted in the earlier part of the opinion to the effect that the facts above recited constitute cruelty and the order granting a decree of absolute divorce "on the ground alleged in the libel, personal indignities rendering living together intolerable."

Under persuasive authority, heretofore cited, the acts

above set forth constitute both "cruel treatment" and "personal indignities" extending over a course of not less than sixty days, such as to render the life of the wife burdensome and intolerable and her further living with her husband insupportable—all within the meaning of the statute. See *Holyoke* v. *Holyoke* and *Glass* v. *Wynn*, *supra*.

The decree is affirmed.

*E. J. Botts* for plaintiff in error.

*Rose August* for defendant in error.