## CHU BUT JEM *v.* VIOLET JEM.

### No. 2308.

Submitted July 21, 1937.        Decided September 28, 1937.

Coke, C. J., Banks and Peters, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an action for divorce brought by the husband upon the grounds permitted by the eighth paragraph of section 4460, R. L. 1935, as amended by Act 27, L. 1935 (sr. C-109, p. 163). The eighth paragraph of the section was added by section 1 of Act 196, L. 1931. It provides: "Divorces from the bond of matrimony shall be granted for the causes hereinafter set forth and no other: * * *8. When either party is guilty toward the other of such cruel treatment, neglect or personal indignities, though not amounting to physical cruelty, continued over a course of not less than sixty days, as to render the life of the other burdensome and intolerable and their further living together insupportable." The court granted the prayer of the libel. This appeal by the libelee presents for review the sufficiency of the evidence to sustain the decree.

In our opinion the appeal is well taken and the decree should be reversed and the libel dismissed. Assuming, but not deciding, that the acts complained of amount to cruel treatment, neglect and personal indignities the libelant has wholly failed to show that the libelee was guilty of a course of conduct which from its nature, frequency and continuance produced in the libelant such a degree of mental distress and suffering as to render his life "burdensome and intolerable and their further living together insupportable," in the statutory sense. That is the test prescribed. Less will not suffice.

The grounds of divorce included in the eighth paragraph of section 4460, as amended, contemplate mental cruelty. The terms employed are *ejusdem generis*. Cruel treatment not amounting to physical cruelty is mental cruelty. Neglect and personal indignities not amounting to physical cruelty are a species of mental cruelty. But, while cruel treatment, neglect or personal indignities not amounting to physical cruelty, to constitute a ground of divorce since the amendment of 1931, need no longer be

"such as to impair the health or produce bodily injury or such as to create an apprehension of bodily injury," previously required where the ground for divorce was "extreme cruelty" under the sixth paragraph of the section, the cruel treatment, neglect or personal indignities complained of must be continuous for the period prescribed and of such nature, frequency and degree as to render the life of the offended spouse "burdensome and intolerable and their further living together insupportable."

Whether a course of conduct complained of is such as to entitle the offended spouse to a divorce under the eighth paragraph of the section obviously depends upon the peculiar circumstances of the particular case and the character, health, habits and disposition of the parties involved. And while the test of mental pain and suffering entitling an offended spouse to a divorce under the eighth paragraph of the section is different from that required to entitle him or her to a divorce upon the ground of extreme cruelty the considerations affecting the weight of the evidence are the same. (See *Bartlett* v. *Bartlett,* 13 Haw. 707; *Kauhimahu* v. *Kauhimahu,* 19 Haw. 378; *Bruns* v. *Bruns,* 21 Haw. 284; *De Coito* v. *De Coito,* 21 Haw. 339; *Aiken* v. *Aiken,* 28 Haw. 217; *Jacintho* v. *Jacintho,* 32 Haw. 907.)

It is true that the terms "burdensome," "intolerable" and "insupportable" are not terms of exact definition. But they are readily capable of application to facts similarly as other terms employed in legal rules of conduct with which we are familiar such as "reasonable," "careful," "negligent" and the like. They are unambiguous in their imports and connotations, their respective meanings clear and certain and their significance when applied to marital misconduct incapable of mistake. They certainly do not admit of mere incompatibility of temperament as a ground for divorce.

The trial court made no findings upon the effect on the libelant of the misconduct complained of. Nor upon the state of the record are we able to do so. There is no evidence to sustain a finding that the course of conduct complained of was such that it was incapable of being further borne or endured by the libelant or that it was subversive of the continuance of the family relation so that it might be said as a conclusion of law that the life of the libelant became burdensome and intolerable and his further living together with the libelee insupportable. None of the acts complained of was in itself of such a character that it might be said as a matter of law that the natural and probable consequences thereof either alone or in combination with other acts, if persisted in for the statutory period, would be to produce the effect named in the statute. The only evidence even remotely suggestive of the results produced in the libelant by the misconduct complained of was that of the libelant himself to the effect that certain insanitary conditions existing in the bedroom which he occupied with his wife and his three minor children (the oldest was eight and the youngest six) made him "sick" and that he didn't "eat or sleep well." There is no evidence of any illness suffered by the libelant during the period involved and we take it that the statement that the objectionable conditions made him "sick" was but the expression of personal disgust and although the power lay with him to do so he made no effort toward their correction or abatement. His inability to "eat or sleep well" stands unexplained. He testified to none of the usual symptoms which are the concomitants of serious mental distress or suffering. Nor does it appear that the misconduct of the wife in any way affected the family relation. On the contrary it appears that he lived continuously with his wife during the period in question occupying the same bedroom with her. Where, as here, the only evidence of the injurious effect upon the offended spouse of the mis-

conduct of the other is that the former did not eat or sleep well, it is insufficient, without more, to sustain a finding that the course of conduct complained of was of such a nature, frequency and continuance as to render the life of the offended spouse burdensome and intolerable and further living with the other insupportable.

Remand accordingly.