ISABEL M. PETROWSKI *v.* JOSEPH P. PETROWSKI.

No. 2533.

SUBMITTED FEBRUARY 23, 1944.        DECIDED FEBRUARY 28, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is a writ of error to review a judgment or order of the circuit court of the first judicial circuit, division of domestic relations, dismissing the libelant's libel for divorce, the court holding that the evidence adduced was insufficient to sustain the libel.

The assignment of errors, three in number, presents the single question of the sufficiency of the evidence to sustain the libel.

The grounds for divorce alleged in the libel are stated in substantially the words of paragraph 8 of section 4460, Revised Laws of Hawaii 1935. The libelant alone testified in support thereof.

From her evidence it appears that the parties were married in January, 1924, and have two sons aged eighteen and ten years, respectively; that they have been living separate and apart since February 9, 1940. According to her bill of particulars, libelee was on February 15, 1940, committed to the territorial hospital and about the same time libelant was appointed guardian of his estate. Her evidence in support of her libel is very meager. After describing his illness and hospitalization, she says she did everything she could to help in his treatment; that she advanced money out of her own funds and earnings to pay his bills because he had insufficient assets to meet them; that immediately after his release from the hospital he

constantly wrote and telephoned her for money, "although, I assume, he knew there was no money"; that he claimed to be destitute and that she had taken all of his money; that he complained to the Family Consultation Service and the American Legion "claiming that I had left him without funds"; that he telephoned constantly saying he wished to come home; that after a hearing in circuit court to have her discharged as his guardian, he said to her, "I am coming home at three o'clock this afternoon; better have the police there." The foregoing is a fair summary of the whole of the libelant's evidence on direct examination. Her cross-examination was devoted largely to the financial status of the parties. In addition thereto she admitted that she did not want the libelee to come home; that she was attending to his business and that she "could not have a person of Mr. Petrowski's temperament where I was keeping boarders. I explained it to him."

A very lengthy bill of particulars was filed by the libelant, which if proved would have established nothing more than that the libelee was irresponsible in his financial dealings and that on one occasion (in 1938 or 1939), when he was on active duty as a reserve officer, he became angry with her because she did not go from San Francisco to Medford, Oregon, at his invitation to attend a dance. No statement of how his anger was manifested was given in evidence or set forth in the bill of particulars.

We deem it unnecessary to detail the evidence further. It clearly did not meet the test laid down by this court in *Jem* v. *Jem*, 34 Haw. 312, and in *Sisson* v. *Sisson*, 36 Haw. 606, to establish "cruel treatment, neglect or personal indignities" by the libelee toward the libelant.

The order dismissing the libel is therefore affirmed.

*H. K. H. Lee* and *R. T. Yamaguchi* for libelant and plaintiff in error.

*C. B. Dwight* for libelee and defendant in error.