## HAWES *vs.* HAWES.

1. Where a husband and wife agreed that she should live at her sister's (he living at a different place), and that he would support her, it amounted to a voluntary separation, and a petition for alimony under §1747 of the Code could be brought.

2. In this case it appeared that the wife had a separate estate, and the husband had children by a former wife, but the value of such separate estate as compared with the husband's property, and his obligation to support the other members of the family, were not inquired into, as they should have been, in fixing the amount of alimony.

3. Where the presiding judge fails to identify the exhibits attached to the bill of exceptions at the proper time, it cannot be withdrawn from this court in order to obtain such identification.

Husband and wife. New Trial. Alimony. Before Judge POTTLE. Lincoln Superior Court. October Term, 1880.

Mrs. Hawes filed her petition against her husband for alimony, alleging desertion by him, etc. He answered, denying all the principal allegations of the petition. The evidence showed, in brief, the following facts : The parties were married in 1876, and lived together for about three years. There was not cause of complaint as between the parties themselves, but the wife lived unhappily with the husband's children by a former marriage. As to the reasons for this, the evidence was conflicting. She fre-

quently proposed to move into another house with him, which he declined. She finally went to her sister's house, he advising her not to go, and saying that he was sorry that she could not stay at his house. While there some communications passed between them not material here. At last an amicable meeting took place, concerning which he testified as follows:

" I then asked her what she wished me to do. She stated that she wanted me to let her stay at her sister's, and for me to support her. I replied I would, and I would do what was right, but that I would not be dictated to by Tom, Dick or Harry. That I claimed the right to manage what I had I as pleased. That I had never denied the obligation to support my wife, and do not now, and I feel the sacredness of that obligation now as ever, but claim the right to say where and how she shall be supported."

There was evidence showing that the wife had a separate estate, but no evidence as to its value.

The court granted alimony, as stated in the decision, and defendant excepted.

The bill of exceptions in this case was signed by the presiding judge, November 10th, 1880. On December 11th, before the case was reached in the supreme court, counsel for plaintiff in error moved the court to pass the following order: " It appearing that the judge below omitted to identify the exhibits attached to the bill of exceptions in this case, when tendered to him, by placing thereon his signature, on motion, it is ordered that counsel for plaintiff in error have leave to withdraw the said bill of exceptions from the files of this court, for the purpose of returning the same to the judge below, that he may identify as aforesaid the exhibits thereunto attached."

This order was refused. Subsequently, however, counsel waiving informalities, argued the case on its merits.

F. H. & J. D. COLLEY, for plaintiff in error.

W. D. TUTT, for defendant.

CRAWFORD, Justice.

This writ of error originated in a petition for temporary alimony, upon which the judge allowed the wife, upon the case made before him, $145.00 in cash, $12.50 a month until otherwise ordered, and the further sum of $30.00 for counsel fees. This proceeding arises under an act of the legislature of 1870, and incorporated in §1747 of the Code. That section provides: "When husband and wife are living separately, or are *bona fide* in a state of separation, and there is no action of divorce pending, the wife may institute a proceeding by bill or petition on the equity side of the court, setting forth fully her case, and upon three days' notice to the husband, the judge may hear the same in term or vacation, and grant such order as he might grant were it based on a pending libel for divorce, * * * and should such proceeding proceed to a hearing before a jury, they shall decree as provided by §1746 of this Code for such cases."

The 1746th section and its references, declare that in cases of voluntary separation, or where the wife is abandoned or driven off by the husband against her will, the husband may make, by voluntary deed, adequate provision for her, consistent with his means and her former circumstances, which shall be a bar to her right to permanent alimony.

So that in view of the fact that the respondent admitted in his testimony that he " asked her what she wished me to do, she stated, she wanted me to let her stay at her ·sister's, and for me to support her. I replied I would, and would do what was right," etc., he thereby brought himself within that liability which exists where there is a voluntary separation between the parties. Had this agreement never been made, and he had stood upon his legal rights and obligations under the other facts of the case as disclosed by the record, his liability would have

been governed by section 1740 of the Code, as construed by this court in 38 *Ga.*, 663.·

Notwithstanding, however, this agreement, the testimony does not show that the judge took into consideration the separate estate owned by the wife, in fixing the amount of the alimony, for its present value or annual income is nowhere shown, as compared with the husband's, and his obligation to support the other members of his family, which we think he should have inquired into before putting the entire burden of the wife's support upon the estate of the husband.   Code, §1738.

Our judgment, therefore, is that the case be remanded for a new hearing before the judge, and that inquiry be had as provided in the above section of the Code, for the wife's temporary alimony, until a final hearing and decree may be had, as provided by section 1746, unless the husband shall make the same unnecessary by complying with section 1745 of the Code.

Judgment reversed.