## GLASS *vs.* WYNN, executor.

1. Where the testimony as to the material facts on an application for alimony were conflicting, and there was enough to support the finding of the court below, this court will not interfere with his discretion.

2. A wife may proceed against her husband for alimony where they are living separately, or are *bona fide* in a state of separation, there being no action for divorce pending; and it is immaterial what brought about this separation.

(*a.*) This ruling does not conflict with that in *Hawes vs. Hawes*, 66 *Ga.*, 142. If so, the remark in that case is *obiter*.

3. Even if there must be cruel treatment or voluntary separation in order that this proceeding may be had, cruel treatment may exist from conduct other than blows. Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person, and that which produces the one is not more cruel than that which causes the other.

April 20, 1886.

Husband and Wife. Cruelty. Alimony. Before Judge STEWART. Henry County. At Chambers. February 12, 1885.

On November 18, 1884, Cynthia Glass filed her petition against her husband, J. F. Glass, asking for alimony and attorneys' fees, and alleging that they were married in 1865, and have three children, aged respectively 15, 12 and 9 years; that in 1882, her health failed, and ever since that time she has been an invalid; that her husband cruelly treated her, giving as acts of cruelty that he would go off, neglect her, leave her when she was sick, would not provide proper food or assistance for her, and would call her names, and say that she was no better than a hound-dog or

an African negro, and that he poisoned the mind of one of their sons against her and caused him to speak to her in an insulting and unbearable manner; also that he continued to neglect and abuse her until August, 1884, when she left him and moved to Coweta county.

The defendant answered, in brief, as follows: He denied all the allegations as to acts of cruelty, or that he ever spoke harshly to her, struck, abused or in any way mistreated her; but, on the contrary, alleged that he always treated her kindly, and would have remained by her side when she was sick, but she would not let him; that she would lock herself in her room and would not let him enter. He always provided well for her and kept a cook, except when his wife would run off such cook; she would drive them off; they would not stay on account of her disposition. He did everything he could to please her. She left him without any cause whatever and against his will, carrying with her everything he had in the house in the way of bedding, etc., not leaving him even a bed or a quilt, and took off all the clothing of the two children that remained with them. She owns 80 acres of land in Coweta county, which rents for $100 or $150 per annum, and other property worth $800 or $1,000. Defendant is an old man, 65 years of age, not able to work much. He has rented one of his plantations to one of his sons for $125 per annum; another is occupied by another son without rent, and he has about 200 acres left for the support of himself and his family. He has no money, is in debt, and has three little children and three orphan grandchildren to support. He is perfectly willing to support his wife at home, but is not able to keep up two families in different counties, and so notified his wife; but she said she was going away, that she had a home of her own and was able to support herself, and was independent of him and would never call on him for help. He prayed to have the custody of the child which she had taken with her.

The evidence in support of the petition and answer was

conflicting.   The judge ordered the defendant to pay to the plaintiff $20 per month as temporary alimony from January 1 to April 1, 1885, after which such payment should cease; also that the defendant pay $75 fees of plaintiff's attorneys.   The defendant excepted.

Geo.' W. Bryan; E. J. Reagan, for plaintiff in error.

Bigby & Dorsey, for defendant.

Jackson, Chief Justice.

The court granted alimony to the wife in this case, the judge sitting at chambers, under section 1747 of the Code. The wife, with one child, was living separately from the husband, and the judge gave her $20.00 per month for herself and child, and seventy-five dollars for fees of counsel.
· 1. The evidence is distressingly conflicting in respect to the party whose fault caused the separation, but this court defers to the judgment of the court below thereon, it being of opinion that there is evidence enough to sustain the judgment against any idea that he abused his discretion; and so in respect to the treatment of the wife by the husband the testimony conflicts, and we must adjudicate all these decisions on facts where they are thus uncertain in the same way.
2. The act of 1870, codified in section 1747, declares that this procedure may be had "when husband and wife are living separately, or are *bona fide* in a state of separation," at the instance of the wife, there being no action for divorce pending.   Well, in this case they were so living separately, and were *bona fide* in that state, and there was no divorce pending; and, in our judgment, it is immaterial what brought this separation about.   The fact of the separation existed, and there is no hint that it was not genuine or *bona fide*, there being no hint that they cohabited or in any sense acted as husband and wife after the separation. We do not see that *Hawes vs. Hawes* conflicts with this

view of the section; if so, the remark is *obiter.* See that case, 66 *Ga.*, 142.

3. Even if there must be cruel treatment or voluntary separation in order that this proceeding may be had, we think in such a case cruel treatment may exist from conduct other than blows. Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person; and that which produces the one is not more cruel than that which causes the other. See *Myrick vs. Myrick*, 67 *Ga.*, 771, 776, 777–8–9 *et seq.*

Judgment affirmed.