## COLEY *v.* COLEY.

1. Where a wife filed suit against her husband for permanent alimony, and also applied to have temporary alimony awarded for the benefit of herself and their child of tender years; and where the presiding judge declined to award temporary alimony or attorney's fees to the wife, but directed that a certain amount should be paid by the husband each month for the support and maintenance of the child, and to the ruling denying temporary alimony and attorney's fees for her the wife excepted, the fact that while the case was pending in this court she collected some of the amount awarded for the support of the child will not be ground for dismissing the bill of exceptions.

2. Where a wife sues her husband for permanent alimony on the ground that they are living separately, and applies for temporary alimony pending the suit, on the hearing of the application for temporary alimony the merits of the case are not in issue, and the presiding judge will not generally refuse alimony merely because the evidence is conflicting or the right to permanent alimony on the final trial may be doubtful; but it is not an invariable or arbitrary rule that alimony must be awarded upon proof of the marriage and separation, without regard to the circumstances of the case. The presiding judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether, if the evidence so warrants; or if there is a minor child, he may award an amount for the support of the child, and refuse to award alimony for the wife.

Submitted May 25,—Decided July 11, 1907.

Application for alimony. Before Judge Martin. Pulaski superior court. June 30, 1906.

Mrs. Mary Coley brought suit for temporary and permanent alimony against her husband, B. B. J. Coley, alleging that her husband had driven her away from home without cause; that they were living in a bona fide state of separation; and that she had no means of support for herself and their minor children, except to seek employment as a domestic servant. On the hearing of the application for temporary alimony, she alone testified on her own behalf. Ten witnesses were introduced on behalf of the defense, several of whom testified that they knew her general character for truth and veracity in the community in which she lived, that it was bad, and that they would not believe her on oath. Several others testified that she was not driven from home by the defendant, but left of her own accord; that she was violent and abusive toward him, cursing him, threatening to kill him, and indulging in the most foul, vulgar, and indecent language in his presence and that of his young children by a former marriage; that she left once, and afterwards returned, and then left again; that when she came back she said that she "didn't have anything on" the defendant, and that she had come back to get something against him, but that she had been unable to do so, and was going to leave again. Prior to her marriage she had been employed in a hotel. The presiding judge refused to grant temporary alimony or attorney's fees to the wife, but allowed $5 per month for the benefit of the minor child. The plaintiff excepted.

*Hardeman & Jones,* for plaintiff.

*Fort & Grice,* for defendant.

LUMPKIN, J. (After stating the facts).

1. On the call of the case in this court a motion was made to dismiss the writ of error, on the ground that the plaintiff had collected some alimony under the order and had sought to collect more. In support of the motion a letter, bearing date after the filing of the bill of exceptions, from counsel for plaintiff to one of the counsel for defendant, was presented. A statement in it indicated that the plaintiff had collected three or four of the payments ordered to be made for the benefit of the child, and the attorneys urged that other payments which were in arrears should be made. If a judgment is rendered in favor of the plaintiff,

which she thinks too small, she may except and have the question tested, or she may suppress her dissatisfaction and collect the judgment. She can not do both. *Owens* v. *Read Phosphate Co.*, 115 *Ga.* 768. Were this judgment in favor of the wife and for her benefit, the motion to dismiss would prevail. But where the presiding judge refused alimony for the wife, and only made provision for maintenance of the little child of the two parties, we do not think it would be within either the spirit or the justice of the law to hold that she must repudiate this entirely, and allow the child to suffer, in order to permit her to except to the refusal of alimony for her. The motion is overruled.

2. Formerly a wife had no separate property. What she had at marriage and what she acquired afterwards vested in her husband. If a separation occurred, whether a divorce was pending or not, starvation or suffering was often imminent, unless provision were made for her support from the property of her husband, or unless she was cared for by the charity of friends or relatives. It was thus almost a matter of course to grant temporary alimony to the wife where a divorce suit was pending between her and her husband. In the great change which has come into the law in respect to the property of married women, under which she not only retains the property which she' had at marriage, and that which she acquires subsequently, but sometimes holds the title of all the family property, the rigid application of the old rule in regard to the granting of alimony has been somewhat modified. In the first code of the State it was provided that, "On applications for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Civil Code, §2460. When the original code was adopted there was no provision for granting temporary alimony except pending a divorce suit. In 1870 an act was passed (Acts 1870, p. 413), which is now codified. Civil Code, §2467. It provided that "When husband and wife are living separately, or are bona fide in a state of separation, and there is no action for divorce pending, the wife may, in behalf of herself and her minor children, if any, or either, institute a proceeding by petition setting forth fully her case; and upon three days notice to the husband, the judge may hear the

same in term or vacation, and grant such order as he might grant were it based on a pending libel for divorce," etc. It will be seen at a glance that the legislature placed the granting of temporary alimony pending a suit for permanent alimony, where the parties are living separately, or are in a bona fide state of separation, on practically the same footing as an application for temporary alimony pending a divorce suit. It was distinctly declared that the presiding judge might "grant such order as he might grant were it based on a pending libel for divorce." If it were based on such a libel, the section of the original code already quoted, which was in existence when the act of 1870 was passed and is still in the code, stated what manner of order might be granted and provided for the use of the judge's discretion in respect thereto. The duty of a husband to support his wife still remained, and was not destroyed by the change in the law in respect to the property of married women. The first provision of section 2460 of the Civil Code, which declares that on applications for temporary alimony the merits of the cause are not in issue, indicates that the judge will not take the place of the jury on the ultimate trial, decide the whole merits of the controversy between the parties, and grant or refuse temporary alimony as if he were granting or refusing a divorce. It may be very commonly necessary and proper that the wife should be supported during the suit, and should have counsel fees, in order that her side of the contention may be fairly submitted to the jury on the final trial; but on the other hand, it is not an arbitrary and unvarying rule that the judge must grant alimony or attorney's fees. He is allowed some discretion; and if the facts are such as to demonstrate the impropriety of granting the alimony, in the discretion of the judge it may be refused.

The great weight of the testimony here was to the effect that the plaintiff shamefully mistreated her husband, threatening to kill him, using physical violence upon him, and employing such foul, indecent, and profane language to him in the presence of his children by a former marriage, and in the hearing of neighbors and other members of the family, as to shock the moral sense of decent people. The testimony also indicated that, instead of being driven from home by her husband, she attempted to aggravate him into striking her, for the avowed purpose of using his conduct against him in a suit for alimony; and that, failing in

this, she deserted him. She denied this. Several witnesses impeached her veracity, and testified that she was unworthy of belief, and she brought none to sustain her. Before her marriage she had been employed in a hotel, where she worked for a living; and while a return to labor may have been less satisfactory to her than alimony, it does not appear to have been a hardship to which she was unaccustomed. *Dicken* v. *Dicken,* 38 *Ga.* 663; *Williams* v. *Williams,* 114 *Ga.* 772.

In *Hawes* v. *Hawes,* 66 *Ga.* 142, a husband and wife agreed that, she should stay at her sister's and he would support her and "do what was right." She brought suit against him for alimony. The court held that this constituted a case of voluntary separation within the meaning of the code. In the opinion Crawford, J., added: "Had this agreement never been made, and he had stood upon his legal rights and obligations under the other facts of the case as disclosed by the record, his liability would have been governed by section 1740 [now 2460] of the code, as construed by this court in 38 *Ga.* 663." In *Glass* v. *Wynn,* 76 *Ga.* 319, in the first division of the opinion it was declared that "The evidence is distressingly conflicting in respect to the party whose fault caused the separation, but this court defers to the judgment of the court below thereon, it being of opinion that there is evidence enough to sustain the judgment against any idea that he abused his discretion; and so in respect to the treatment of the wife by the husband the testimony conflicts, and we must adjudicate all these decisions on facts where they are thus uncertain in the same way." Discretion in deciding the question necessarily involves the power to decide it either way, if the evidence so authorizes it. In the next division of the opinion it was said that the act of 1870 declares that this procedure may be had at the instance of the wife, when husband and wife are living separately, or are bona fide in a state of separation, there being no action for divorce pending; and the cause before the court was held to fall within the provisions of that act. It is true that the able Chief Justice who delivered the opinion made use of the expression, "and, in our judgment, it is immaterial what brought this separation about;" and that he also said, "We do not see that *Hawes* v. *Hawes* conflicts with this view of the section; if so, the remark is obiter." In the third division of the opinion it was said that, "Even if there must

be cruel treatment or voluntary separation in order that this proceeding may be had, we think in such a case cruel treatment may exist from conduct other than blows." It was contended that this was an adjudication that if parties were living in a state of separation, it was immaterial what brought about that state; and that the presiding judge had no discretion to refuse temporary alimony to the wife, regardless of the conduct of the parties, but was bound to award it, if it were shown that the parties were married and were living separately. We do not think that this is a proper interpretation to put upon the decision in that case; and although the language quoted was used, it was employed arguendo, and was unnecessary to the decision. If the construction contended for were given, it would place the court in the somewhat singular attitude of holding three propositions: (1) that the presiding judge had a discretion in the matter, and that he did not abuse it in that case; (2) that he had no discretion, but was bound to award alimony, regardless of discretion; and (3) that if cruel treatment or voluntary separation must be shown, there was sufficient evidence of it, and the court did not err in his finding, or, in other words, that he did not abuse his discretion. We are unwilling to give a construction to the ruling in that case which will produce such a conflict of positions. Nor do we believe that the court meant to say that, if marriage and separation were shown, the presiding judge must disregard all other evidence and award alimony in all events. Suppose a wife should desert her husband without cause, and take up her abode in a house of ill fame as a common prostitute, would any court hold that her husband was bound to pay her alimony merely because they had been married and were living separately? The case of *Glass* v. *Wynn,* so far as has come to the knowledge of the writer, has been but twice cited. Once in the case of *Ray* v. *Ray,* 106 *Ga.* 263, where it was cited on the subject of what might constitute cruel treatment; and once in *Ring* v. *Ring,* 118 *Ga.* 183-188, where it was criticised. Probably the expression quoted above from the opinion in the case of *Hawes* v. *Hawes,* was an obiter dictum; but if so, we think it was a correct statement of the law.

In the present case there was no abuse of discretion in the order granted by the presiding judge.

*Judgment affirmed. All the Justices concur.*