## 21327. BOOKER v. BOOKER.

CANDLER, Justice. The exception here is to a judgment sustaining a general demurrer. The primary purpose of this litigation is to set aside a decree which the plaintiff obtained in a court of competent jurisdiction against the defendant for divorce and alimony, and since it affirmatively appears from the allegations of her amended petition that she accepted and retained the property awarded to her as alimony by the decree, she will not be permitted while retaining it to further prosecute her amended petition to set aside the decree which she obtained; and this is especially true in the instant case where she personally instituted this litigation as a person mentally competent to do so. For rulings so holding, see *Coley v. Coley*, 128 Ga. 654 (58 SE 205); *Thompson v. Thompson*, 203 Ga. 128 (2b) (45 SE2d 632), and the cases there cited. Hence, there is no merit in the contention that the court erred in sustaining a general demurrer to her amended petition and dismissing it. In this connection see *Georgia Power Co. v. Roper*, 201 Ga. 760 (41 SE2d 226); *Fender v. Crosby*, 209 Ga. 896 (76 SE2d 769); and *Merritt v. Merritt*, 210 Ga. 39 (77 SE2d 438), and the several cases there cited.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1961—DECIDED OCTOBER 9, 1961.

*Aaron Kravitch*, for plaintiff in error.
*Hitch, Miller & Beckmann, John E. Simpson*, contra.