## 29110. HARRISON v. HARRISON.

INGRAM, Justice.

This is an appeal by a wife from a final decree and a judgment overruling a motion for new trial in a divorce case from Gwinnett Superior Court. Two questions are presented for review: (1) Did the evidence authorize the

jury to grant a divorce on the ground of cruel treatment to the husband on his counterclaim; and, (2) was the amount awarded by the jury as child support so inadequate as to require a new trial on this issue? We conclude that the grant of the divorce on the husband's counterclaim was authorized by the evidence but that the amount of child support awarded by the jury was so inadequate that a new trial on this sole issue should be ordered.

The wife sought a divorce from her husband on the ground of cruel treatment and also sought alimony, custody of the three minor children, child support and other relief. The husband filed an answer and counterclaim denying the wife's complaint and seeking a divorce on account of the alleged cruel treatment of the wife. The jury found in favor of the husband and granted a divorce on the counterclaim. The jury verdict awarded child support to the wife and she was given custody of the minor children by the trial court. The amount awarded was $12.50 per week for each minor child, or a total of $37.50 weekly for the support of the three children. The child support is to be paid for each child until that child becomes 18 years of age or self-supporting. The wife was given the use of the family home and furnishings with one acre of land until all the minor children become self-supporting or reach age 18, or until the wife remarries.

At the trial, the evidence showed the husband ate with his family about one meal per month. The cost of food for the family household was shown to be approximately $50 a week and clothing costs for all three children was shown to be around $50 per month. Utility bills at the household cost approximately $85 per month. There was no itemization of medical and dental costs. It was also shown at the trial that one child was placed in a special school in another city on the advice of a psychiatrist and that transportation to this school for that child ran about $10 per week. The husband's total income for 1972 was shown to be $9,879.61, but he testified that he had discontinued part of his work after he and his wife separated and before the trial on October 15, 1973. The husband testified he was in fair health and not under the care of a doctor. The evidence further

showed that the husband owned 23 acres of land in Gwinnett County of a reasonable market value of $3,500 per acre.

A review of the evidence reveals there was sufficient evidence upon which the jury would be authorized to grant a divorce to the husband on his counterclaim. The case of *Davis v. Davis,* 223 Ga. 657 (157 SE2d 444), relied upon by the wife to support her argument that the evidence is insufficient to sustain the grant of a divorce on the husband's counterclaim, is distinguishable on its facts from the present case. In *Davis,* there was no evidence of the denial by the wife of conjugal relations with the husband. There is evidence in this case that would authorize, but not require, the jury to conclude that the wife unjustifiably refused to cohabit with her husband. This evidence coupled with the other evidence presented by the husband, including testimony that "she wouldn't get up and cook the meals, keep the house or do nothing," made an issue for the jury to determine. See, *Holcombe v. Holcombe,* 197 Ga. 105, 107 (27 SE2d 687). Under these circumstances, we cannot hold that the jury's verdict granting a divorce on the husband's counterclaim, is contrary to the law and evidence as contended by the wife. *Phillips v. Phillips,* 231 Ga. 596 (3) (203 SE2d 189).

The wife has no standing to complain of the denial or inadequacy of alimony to her in view of the jury's verdict against her on the issue of divorce. *Phillips v. Phillips,* supra, Hdn. (1). However, since she was awarded custody of the minor children, she can raise the inadequacy of the amount awarded by the jury for the support of the minor children. See *Stewart v. Stewart,* 217 Ga. 509 (5) (123 SE2d 547) and *Thomas v. Holt,* 209 Ga. 133, 134 (70 SE2d 595) with respect to the wife's status as trustee or guardian of the funds awarded as child support.

While it is the duty of the jury to utilize their own experience and judgment in determining what amount is sufficient for the support of the minor children, the jury cannot ignore the uncontradicted evidence of the father's income and financial capabilities in relationship to the established needs of the minor children. Regardless

of the cause of the separation between the parents, their children are entitled to be supported by the father during their minority commensurate with their proven customary needs and the father's financial ability to provide for them. Awards which are substantially disproportionate to these factors, whether excessive or inadequate, should not be permitted to stand. This duty of the father is not an abstract or frivolous obligation. It is rooted deeply in the natural responsibility of a father to provide realistic financial assistance, within his means, to defray the actual expenses of the care, maintenance and education of his minor children. These needs are collectively referred to as necessaries and include all material and educational expenses shown to be appropriate to the children's situation and needs in their experience as a part of the family of their parents and not merely funds for those needs regarded as the minimum requisites of a bare subsistence. This responsibility of the father to provide necessaries for his minor children has been enforced by this court through the years. See *Nicholson v. Spencer,* 11 Ga. 607, 611 (1852), and other cases collected in Professor Stubbs' book, Georgia Law of Children, § 132, pp. 296-299.

We cannot approve that part of the jury's verdict awarding only $12.50 per week for the support of each of these minor children in view of the undisputed evidence which shows the costs of the actual needs of the children exceed this sum and that the father is capable of continuing to provide for these needs in a sum larger than this award. As the child support award is found to be inadequate and disproportionate under the evidence, a new trial is ordered on this issue alone. The judgment of the trial court overruling the wife's motion for a new trial is otherwise affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 12, 1974 — DECIDED OCTOBER 8, 1974.

*Morgan & Sunderland, Thomas S. Sunderland,* for

16

appellant.

*Harrison & Garner, G. Hughel Harrison,* for appellee.