## 31400. VICKERY v. VICKERY.

INGRAM, Justice.

This is an appeal by a husband from an order granted in Bibb Superior Court which set aside an earlier divorce decree in that court. The husband obtained the divorce and four months later the wife filed proceedings under Code Ann. § 81A-160 to set aside the decree for failure of the husband to perfect service upon her as a nonresident in the case. However, it is undisputed that subsequent to the grant of the divorce decree the wife remarried through a ceremonial marriage to a third party.

The husband enumerates a number of errors in the trial court relating to the judgment setting aside the earlier divorce decree. We believe it is necessary to reach only one of them. Enumeration of error No. 6 asserts that the trial court erred in setting aside the divorce decree because the wife's remarriage estops her from attacking the decree. This enumeration has merit.

It is generally recognized that a party litigant who accepts benefits under a divorce decree is estopped to set it aside. See, e.g., *Thompson v. Thompson,* 203 Ga. 128 (2 b) (45 SE2d 632) (1947); *Burnham v. Burnham,* 215 Ga. 57 (108 SE2d 706) (1959); Clark, Law of Domestic Relations, Divorce and Alimony, § 11.3; and 12 ALR2d 153, Anno.: Vacating or Setting Aside Divorce Decree after Remarriage, § 8.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED OCTOBER 5, 1976.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.
*William M. Flatau,* for appellee.