### 33458. WILKINSON v. WILKINSON.

JORDAN, Justice.

This appeal is from the grant of a summary judgment to the defendant, Robert J. Wilkinson, in an action by his former wife, Doris H. Wilkinson, to set aside a divorce decree between the parties.

In March, 1974, the former wife filed an equitable complaint in Richmond Superior Court against the former husband, seeking to set aside a divorce decree and separation agreement. She alleged: The husband is a nonresident. In January, 1971, by the use of a false address, he had her admitted to the Georgia Regional Hospital at Augusta, Georgia, where she remained until January, 1972. He forced her to leave her home in South Carolina and has prevented her from returning there. She has never been, and has never intended to become, a resident of Georgia. In August, 1971, through his attorney, he had a divorce petition filed in Richmond Superior Court in which she was named the plaintiff and he the defendant. On September 13, 1971, a decree of divorce was entered in the case. The decree was procured by fraud, deceit, and malicious conduct perpetrated by him upon the court and her. The judgment is void because the court did not have jurisdiction of the parties. There was attached to the divorce petition a separation

agreement dated February, 1971, which purported to settle all the property rights of the parties and the alimony rights of the wife. This agreement was prepared by the husband's retained counsel while she was confined in the hospital, and was procured by him by fraud and threats.

The husband's motion for summary judgment was based on the pleadings, depositions, and his affidavit. In his affidavit he stated that a final decreee of divorce was entered between the parties on September 13, 1971, wherein he was ordered to pay certain sums and convey certain property as alimony to the wife; he has fully complied with the order and has paid all sums due as alimony; and the wife has accepted and retained all alimony paid by him.

The depositions show that the wife was in a hospital under the care of a psychiatrist during the time of the divorce proceedings. It was stipulated by the wife's counsel during the taking of her depositions by the husband that there would be no testimony as to her incompetence during this time. She brings the complaint to set aside the divorce decree in her own name.

In *Booker v. Booker,* 217 Ga. 342 (122 SE2d 86) (1961), it was held: "The primary purpose of this litigation is to set aside a decree which the plaintiff obtained in a court of competent jurisdiction against the defendant for divorce and alimony, and since it affirmatively appears from the allegations of her amended petition that she accepted and retained the property awarded to her as alimony by the decree, she will not be permitted while retaining it to further prosecute her amended petition to set aside the decree which she obtained; and this is especially true in the instant case where she personally instituted this litigation as a person mentally competent to do so." See also *Thompson v. Thompson,* 203 Ga. 128 (2-b) (45 SE2d 632) (1947); *Sikes v. Sikes,* 231 Ga. 105, 108 (200 SE2d 259) (1973); *Vickery v. Vickery,* 237 Ga. 702 (229 SE2d 453) (1976).

In the present case there is no dispute that the wife has accepted and retained the alimony awarded to her in the divorce decree, and she is estopped from setting aside the decree. The trial judge did not err in granting

summary judgment to the husband.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED APRIL 12, 1978 — DECIDED MAY 2, 1978.

*O. L. Collins,* for appellant.

*McGahee, Plunkett, Benning, Fletcher & Harley, Paul K. Plunkett, C. Thompson Harley,* for appellee.