### 34215. GUESS v. GUESS.

MARSHALL, Justice.

This is an appeal by a former wife from an order of the trial court sustaining her former husband's motion to dismiss her action against him to remove a cloud to her title to the family homeplace. She claims that a provision of the divorce decree awarding the husband a one-half interest in the homeplace, title to which he had conveyed to her prior to the divorce, in effect unlawfully awarded him alimony out of her separate estate.

The record shows, however, that the husband's counterclaim in the divorce action raised the issue that the parties' intent was that the conveyance should be in trust for tax purposes, and not a gift. See *Talmadge v. Talmadge,* 241 Ga. 609 (2) (247 SE2d 61) (1978). Accordingly, that issue having been involved in the prior action, the final divorce decree is presumed to have adjudicated the issue of title, and that judgment cannot be collaterally attacked in this quia timet action. Code § 110-501; *Chilivis v. Dasher,* 236 Ga. 669, 670 (225 SE2d 32) (1976).

Moreover, the record shows that the appellant was awarded by the divorce decree, one half of the proceeds of the future sale of the homeplace, the use of the homeplace until the youngest child reached 18 years of age, and the benefit of living there free as a result of the further provision that the appellee make payments on the mortgage debt. "It is generally recognized that a party litigant who accepts benefits under a divorce decree is estopped to set it aside." *Vickery v. Vickery,* 237 Ga. 702 (229 SE2d 453) (1976) and cits.; *Wilkinson v. Wilkinson,* 241 Ga. 303, 304 (245 SE2d 278) (1978) and cits.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur in the judgment only.*

ARGUED NOVEMBER 14, 1978 — DECIDED JANUARY 4, 1979.

*Clifford H. Hardwick,* for appellant.
*Jack P. Turner, Robert G. Wellon,* for appellee.