## 66286. J & F CAR CARE SERVICE, INC. v. RUSSELL CORPORATION.

QUILLIAN, Presiding Judge.

This is an appeal taken from a State Court of Cobb County judgment entered in a dispossessory proceeding to which the appellant had interposed a counterclaim. The trial judge granted the appellant the sum of $1,709.68 but permitted the appellee's writ of possession to issue. In this court, appellant asserts the trial court's rulings were unauthorized because of the pendency of condemnation proceedings involving the premises subject to the lease and the instant parties, plus the Department of Transportation and others.

It appears from the record that appellant has vacated the premises in question. Moreover, as set forth in appellant's motion for stay and injunction in the Cobb Superior Court: "On or about the second week of September, 1982, the condemnee Russell Corporation [the appellee here] paid to the movant [appellant here] pursuant to said order the sum of $1,709.68, which sums the movant deposited and committed to its own purposes and uses." *Held:*

The principle is well established that, no matter how erroneous a ruling may be, a litigant may not submit or acquiesce in such ruling and still complain of the same. *Upshaw v. Cooper,* 127 Ga. App. 690, 692 (1) (194 SE2d 618).

"As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring error to reverse it, as where he receives affirmative relief under the judgment or takes a position inconsistent with his right of review." *Grizzel v. Grizzel,* 190 Ga. 219 (3) (9 SE2d 247). Accord, *Allen v. Allen,* 198 Ga. 267 (31 SE2d 481). If a judgment is rendered in favor of a litigant which he thinks is too small, he may either appeal and test such question or he may suppress any dissatisfaction and collect the judgment. He can not do both. *Stallings v. Shell Petroleum Corp.,* 54 Ga. App. 359, 361 (2) (188 SE 50); *Owens v. Read Phosphate Co.,* 115 Ga. 768 (42 SE 62); *Coley v. Coley,* 128 Ga. 654, 655 (1) (58 SE 205).

In *Thompson v. Thompson,* 203 Ga. 128 (45 SE2d 632), involving an ex-wife who had received alimony under a divorce decree, the Supreme Court held: "Having accepted the amount awarded by the judgment as alimony, she was estopped, while retaining it, from further prosecuting her petition to set aside the decree of divorce as contained in the same judgment." Accord, *Booker v. Booker,* 217 Ga. 342 (122 SE2d 86). See *Wilkinson v. Wilkinson,* 241 Ga. 303, 304 (245 SE2d 278). This comports with the

majority rule of our sister states that: "A party who accepts an award or legal advantage under an order, judgment, or decree ordinarily waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted." 4 AmJur2d 745, Appeal and Error, § 250.

The appellant, having received and utilized the monetary award under the instant judgment, is estopped from prosecuting an appeal asserting the invalidity of such judgment.

*Appeal dismissed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 14, 1983.

*Richard N. Hubert,* for appellant.
*William S. Schulten, F. Edwin Hallman, Jr.,* for appellee.