42157. CURTIS v. CURTIS.
(336 SE2d 770)

SMITH, Justice.

The appellant, Mrs. Denna Y. Curtis, filed an action for divorce against the appellee, Mr. Freddie C. Curtis. The divorce was granted

---

on the pleadings and all other issues were reserved for trial. On July 27, 1984, the jury made an equitable division of their property and an award of child support which was entered as a final judgment and decree on August 10, 1984. Although the jury did not know which parent would have custody of the child at the time the child support award was made, it awarded the same amount the trial judge had ordered the appellee to pay the appellant for child support at the temporary hearing. On August 28, 1984, the appellant filed a contempt citation against the appellee to enforce the final decree, and a hearing was set for September 6, 1984. By September 6, the appellee had complied with all of the terms of the final judgment by paying the appellant the sum of $10,000, paying the State Bank of Cochran the sum of $6,882.92 that represented the outstanding indebtedness on an automobile awarded to the appellant, delivering the title to the automobile to the appellant, and paying the appellant's attorney the sum of $3,000 in attorney fees. On September 10, four days after the appellee had complied with all of the terms of the final decree, the appellant filed a motion for new trial. The trial judge dismissed her motion for new trial, and the appellant filed an application for discretionary appeal which we granted. We affirm.

The appellant asserts, among other things, that the jury should have known which parent would have custody of the child before it made the child support award.

While we find that a jury's decision can only be as good as the information it relies upon in the decision making process, and "children are entitled to be supported . . . during their minority commensurate with their proven customary needs and the [parent's] financial ability to provide for them," *Harrison v. Harrison*, 233 Ga. 12, 15 (209 SE2d 607) (1974); *Clavin v. Clavin*, 238 Ga. 421 (233 SE2d 151) (1977), this appellant forfeited her right to complain. " 'As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring error to reverse it, as where he receives affirmative relief under the judgment or takes a position inconsistent with his right of review.'[Cit.]." *J & F Car Care Service, Inc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983). This appellant sought to enforce the final judgment by way of a contempt proceeding. Prior to filing the motion for new trial, the judgment was satisfied and the appellant accepted the fruits of the final judgment. The appellant cannot receive the fruits of the final judgment and then seek to have it set aside by way of her motion for new trial. *Wilkinson v. Wilkinson*, 241 Ga. 303, 304 (245 SE2d 278) (1978).

In view of the fact that the jury's child support award was exactly the same as the trial court's award of child support, we do not find

that the jury's lack of knowledge in this case affected the substantial rights of the child, see OCGA § 9-11-61.

However, if child custody is unresolved at the end of the evidence, the trial judge should either resolve the question of child custody and so inform the jury prior to their deliberations or, if for any reason he does not wish to tell the jury which parent will have custody, he must provide the jury with alternative jury forms[1] in which the jury may make different awards, if necessary, depending on which parent will have custody.

*Judgment affirmed. All the Justices concur, except Weltner and Bell, JJ., who concur specially.*

BELL, Justice, concurring specially.

I agree with the majority holding that children are entitled to be supported commensurate with their proven customary needs and the parent's financial ability to provide for them, and therefore that a jury either must know the identity of the custodial parent before making an award of child support, or must be given the opportunity to make alternative awards. However, I cannot entirely concur in the additional holding that because this mother accepted the fruits before filing the motion for new trial, she is estopped from seeking to set aside the verdict.

It would be correct to impose estoppel insofar as it applies to the fruits which were due to the mother as spousal support or equitable division of property. See *Wilkinson v. Wilkinson*, 241 Ga. 303 (245 SE2d 278) (1978). But, we have held that the right of child support belongs *to the child*, and cannot be waived by the parent. *Worthington v. Worthington*, 250 Ga. 730 (301 SE2d 44) (1983). I would therefore hold that the mother could not and did not waive her right to set aside the decree insofar as it awarded child support.

However, as the majority also holds, since the jury's award of permanent child support was the same as the court's award of temporary support, the jury's lack of knowledge in this case did not affect the substantial rights of the child. I therefore concur in the affirmance of the judgment.

I am authorized to state that Justice Weltner joins in this special concurrence.

---

[1] Proposed alternative jury forms:

a) In the event the mother is awarded custody of the child(ren), the father shall pay $____ per ____ to the mother as child support.

b) In the event the father is awarded custody of the child(ren), the mother shall pay $____ per ____ to the father as child support.

Decided November 27, 1985 —
Reconsideration denied December 19, 1985.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II,* for appellant.

*E. Herman Warnock,* for appellee.