S01A1378. WHITE v. WHITE.
(561 SE2d 801)

BENHAM, Justice.

The Whites were divorced in January 1998, but in March 1999, Ms. White filed a motion to set aside, alleging that Mr. White had fraudulently hidden assets during the divorce. After a hearing, the trial court issued an order finding that Mr. White had hidden assets as alleged, and setting aside the alimony and equitable division portions of the divorce decree. This Court granted Mr. White's petition for interlocutory appeal.

1. Mr. White asserted in his response to Ms. White's motion to set aside that Ms. White was barred from seeking to set aside the divorce decree because she has retained the benefits awarded to her by that decree. He enumerates as error the trial court's failure to rule

in his favor on that issue.

The law of this state is well-settled on this issue: one who has accepted benefits such as alimony under a divorce decree is estopped from seeking to set aside that decree without first returning the benefits. *Vickery v. Vickery*, 237 Ga. 702 (229 SE2d 453) (1976); *Booker v. Booker*, 217 Ga. 342 (122 SE2d 86) (1961); *Thompson v. Thompson*, 203 Ga. 128 (2) (b) (45 SE2d 632) (1947). However, " '[e]stoppels are not generally favored by the law, because the truth is excluded thereby.' [Cits.] Estoppel is governed by equitable principles, and the party claiming the benefit of an estoppel must be free from fraud in the transaction. . . ." *Collins v. Grafton, Inc.*, 263 Ga. 441 (2) (435 SE2d 37) (1993). In light of the trial court's express finding that Mr. White was guilty of fraud in hiding assets during the divorce, he is not entitled to assert an estoppel against Ms. White. That being so, no error appears in the trial court's failure to rule that Ms. White was estopped from seeking to set aside a portion of the divorce decree.

2. In her motion to set aside, Ms. White relied on a nondisclosure provision in the agreement on which the divorce decree was based, and on the provisions of OCGA § 9-11-60. Mr. White asserts that the trial court could not ground its decision on the settlement agreement because the rights of the parties after a divorce is granted are based not on the settlement agreement, but on the judgment itself. *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428 (2) (490 SE2d 368) (1997). While Mr. White's legal argument is sound, the record discloses that the trial court relied specifically on OCGA § 9-11-60 (d) (2), which provides fraud as a ground for setting aside a judgment. The trial court found that Mr. White had fraudulently hidden assets to prevent their equitable division in the divorce, and the trial court based the order setting aside the alimony and equitable division portion of the divorce decree on that fraud. Thus, as a matter of fact, the argument that the trial court erroneously relied on the settlement agreement fails.

3. Relying on Uniform Superior Court Rule 24.7, which forbids the grant of a divorce decree unless all contestable issues in the case have been finally resolved, Mr. White asserts that the trial court erred in setting aside only the alimony and equitable division portions of the decree. However, it is plain from the language of the Rule that it applies to pending actions for divorce. Here, the divorce had already been granted, all the contestable issues had been resolved, and the time for appeal had passed. In *Swindell v. Swindell*, 231 Ga. 167 (200 SE2d 736) (1973), this Court considered whether a motion for a new trial as to only part of a judgment would lie, and concluded it would. Similarly, in *Burney v. Burney*, 233 Ga. 216 (210 SE2d 727) (1974), this Court held that a trial judge could set aside the child custody provisions of a divorce decree without setting aside the whole

decree. Since, as we noted above, the Rule plainly addresses divorce cases pending in a trial court, the fact that the cases cited predate the promulgation of the Rule makes no difference. The trial court did not err in setting aside only a portion of the judgment.

4. Finally, Mr. White contends the trial court erred in limiting his cross-examination of a witness. While the trial court did limit the cross-examination, it subsequently told Mr. White that it would reconsider the scope of the cross-examination at a later time. Mr. White's failure to invoke a ruling on the issue at any time thereafter constituted a waiver of the objection. *Bacon v. Decatur Fed. Sav. &c. Assn.*, 169 Ga. App. 538 (2) (313 SE2d 727) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 25, 2002.

*George M. Hubbard III, Blake M. Whisnant*, for appellant.
*James C. Metts III*, for appellee.