## S10F1231. THOMPSON v. THOMPSON.
### (700 SE2d 569)

THOMPSON, Justice.

Following a three-day non-jury trial, a final judgment and decree of divorce was entered for appellant husband Joel Thompson and appellee wife Heather Thompson. Husband filed timely combined motions for new trial, clarification, and reconsideration, asserting that the trial court erred in equitably dividing certain funds and personal property which he claims are non-marital assets. The parties agreed that the issues would be decided on briefs; consequently, no hearing was held on the post-judgment motions. The motions were denied in their entirety and husband filed an application for discretionary appeal. We granted review under this Court's pilot project as a non-frivolous application for discretionary appeal from a final judgment of divorce.

In denying husband's motions, the trial court found that he had availed himself of the benefits of the final order and is thereby estopped from challenging it. On that basis, the court did not reach husband's claims relating to the division of property. On appeal, husband asserts that the trial court erred in ruling that he has waived his right to challenge the final judgment, and he reasserts the same claims which were presented to the trial court in his post-judgment motions.

1. Until the decision in *Grissom v. Grissom*, 282 Ga. 267 (647 SE2d 1) (2007), the law in Georgia was well settled that "one who has accepted benefits such as alimony under a divorce decree is estopped from seeking to set aside that decree without first return-

ing the benefits." *White v. White*, 274 Ga. 884, 885 (1) (561 SE2d 801) (2002). See also *Smith v. Smith*, 281 Ga. 204, 207 (2), n. 11 (636 SE2d 519) (2006); *Curtis v. Curtis*, 255 Ga. 288 (336 SE2d 770) (1985); *Coley v. Coley*, 128 Ga. 654, 655 (1) (58 SE 205) (1907).[1] In *Grissom*, however, a plurality of the Court departed from long-standing precedent and purported to overrule *Curtis*, supra, and other cases which adhered to the rule that "acceptance of any benefit under a final judgment and decree of divorce results in an automatic waiver of the right to appeal any aspect of that judgment." *Grissom*, supra at 268 (1). While *Grissom* attempted to create exceptions to the estoppel doctrine, it provided little guidance as to how and when such exceptions are to be applied. The result has been that trial courts and litigants are left with uncertainty as to what financial benefits of the final decree can be accepted without a resulting waiver of the right to appeal. That the decision in *Grissom* has created confusion is evidenced by the trial court's order in this case. Although *Grissom* purported to expressly overrule *Curtis*, supra, the trial court nonetheless applied the *Curtis* estoppel doctrine (concluding that *Grissom* merely explained the *Curtis* decision) and refused to consider husband's claims on motion for new trial after finding that husband accepted financial benefits of the final order.[2]

We now believe the better course is to reinstate a bright-line rule as articulated in *Coley* and its progeny (including *Curtis*), and disapprove *Grissom*. Thus, we reiterate the long-standing principle that one who has accepted benefits such as spousal support or equitable division of property under a divorce decree is estopped

---

[1] As Presiding Justice Carley recognized in his dissent in *Grissom*:

In fact, over the nearly 100 years that separate the decision in *Coley* from the decision in *Smith*, this Court has repeatedly and consistently adhered to the rule that one . . . who accepts a benefit conferred by a divorce decree, cannot challenge the judgment in any respect unless and until those benefits have been returned. See *White v. White*, supra; *Curtis v. Curtis*, supra at 289; *Guess v. Guess*, 242 Ga. 786 (251 SE2d 528) (1979); *Wilkinson v. Wilkinson*, 241 Ga. 303, 304 (245 SE2d 278) (1978); *Vickery v. Vickery*, 237 Ga. 702 (229 SE2d 453) (1976); *Sikes v. Sikes*, 231 Ga. 105, 108 (200 SE2d 259) (1973); *Booker v. Booker*, 217 Ga. 342 (122 SE2d 86) (1961); *Burnham v. Burnham*, 215 Ga. 57, 58 (108 SE2d 706) (1959); *Thompson v. Thompson*, 203 Ga. 128 (2) (a), (b) (45 SE2d 632) (1947); *Davis v. Davis*, 191 Ga. 333 (a) (11 SE2d 884) (1940).

*Grissom*, supra at 271 (Carley, J., dissenting).

[2] Perhaps the trial court considered the position of the dissenters in *Grissom* that although *Grissom*

purports to overrule the long-standing line of cases, it does not achieve that goal because only a plurality, not a majority, of this Court has determined that those cases must "give way." Thus, the bench and bar should be apprised that *Curtis* and all of the other cases which apply estoppel under the circumstances of this case remain controlling authority for the present and that the holdings in those cases should be followed as accurate statements of the applicable law.

*Grissom*, supra at 273 (Carley, J., dissenting).

from seeking to set aside that decree without first returning the benefits. See *Smith,* supra at 206 (2). Our ruling today does not invalidate that line of cases which continue to hold that a former spouse may collect an award of child support and still repudiate a final judgment, as those benefits belong to the child. See *Coley,* supra at 655 (1); *Fried v. Fried,* 209 Ga. 854 (76 SE2d 395) (1953).

While we are mindful that a former spouse may depend upon the benefits of a final decree for maintenance, as the dissenters in *Grissom* noted, "Estoppel does not necessarily have an adverse financial effect, since, in Georgia, a former spouse can keep receiving any award of temporary alimony, the right to which continues in full force and effect until a final judgment in the case. [Cit.]" (Punctuation omitted.) *Grissom,* supra at 272 (Carley, J., dissenting). See OCGA § 19-6-3 (d) (order allowing temporary alimony subject to court revision at any time).

2. As noted previously, there was no hearing on the motion for new trial and thus no transcript of evidence, since the parties agreed to submit their case on briefs. Husband now asserts that the trial court erred in determining that he has reaped any benefits of the final decree.[3] However, "[i]n accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings." *Popham v. Yancey,* 284 Ga. 467, 468 (667 SE2d 353) (2008). Since husband has not carried his burden of showing error affirmatively by the record, we must assume that there was sufficient evidence to support the trial court's findings.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Kimberly A. Dymecki,* for appellant.
*Alan C. Manheim,* for appellee.

---

[3] Husband offered argument and authority, but no evidentiary support for his claims. Wife appended to her brief in opposition to the motion for new trial her sworn affidavit, in which she averred that husband used assets awarded in the divorce to pay certain of his debts as opposed to all of the debts he was required to pay under the temporary order, transferred an automobile and associated debt to wife in violation of the temporary order, and used assets awarded in the divorce to pay reduced amounts of alimony.