### 18587. YANCEY v. MILLS.

CANDLER, Justice. D. J. Mills and Martha Eura Yancey were married on June 30, 1927. They had no child or children, and separated on November 13, 1932. On the husband's petition and prayer therefor, their marriage contract was dissolved by divorce on July 17, 1933, in Bibb County, Georgia, and the wife's maiden name of Yancey was restored to her. In that proceeding and by consent, the jury awarded the divorced wife $25 per month until her death or until her remarriage as permanent alimony, the first instalment being payable on August 5, 1933. On February 16, 1954, "Mrs. Yancey" instituted contempt proceedings in Bibb Superior Court against her former husband, and in her application for citation alleged that he had not paid any of the alimony instalments due her, though financially able to do so. While the evidence which the parties introduced on the hearing was conflicting, the trial judge was nevertheless fully authorized to find from it that the divorced wife left Bibb County immediately after the divorce was

granted in 1933; that her location was thereafter wholly unknown to her former husband until he received a letter from her during 1934, advising him of her remarriage in Washington, D. C., on an unspecified date, to Stephen Wise; that she had been known by the name of "Mrs. Martha Wise" for many years since she was divorced; and that her former husband, the defendant in this cause, had not heard from her and had no knowledge of her whereabouts for more than twenty-one years immediately prior to the date on which he was served with a copy of the contempt petition, which was filed by her without any demand having been first made on him for payment of the several past-due alimony instalments. The trial judge ruled that he was not in contempt, and the exception is to that judgment. *Held:*

1. On the hearing of contempt proceedings, the trial judge is the trior of the issue, and is vested with broad discretionary power when the evidence on the issue of contempt is conflicting. *Brown* v. *Brown,* 155 *Ga.* 722 (118 S. E. 196). In *Warner* v. *Martin,* 124 *Ga.* 387, 392 (52 S. E. 446, 4 Ann. Cas. 180), it was said: "It is too well settled to need citation of authority that the decision of a judge on the question of contempt will not be disturbed by the Supreme Court, except in a case where such discretion has been grossly abused." And more recently in the case of *Corriher* v. *McElroy,* 209 *Ga.* 885 (3) (76 S. E. 2d 782), we again said that this court will not interfere with the discretion of the trial judge in contempt proceedings, unless he has abused his discretionary power. In *Corriher's* case it was also held that there must be a wilful disobedience of the court's decree or judgment by the offending party before he is in contempt of the court and can be so adjudged. And in cases where the judge has discharged a rule nisi and ruled that the defendant was not in contempt, as the judge did in this case, this court will still more reluctantly interfere. *Wikle* v. *Silva,* 70 *Ga.* 717 (3).

2. In the circumstances of this case it does not appear to us that the trial judge abused his discretion in rendering the judgment complained of. There was ample evidence on which to base a finding that the defendant had not wilfully refused to comply with the requirements of the alimony decree, and we do not imprison for debt in this State. See, in this connection, *McCullough* v. *McCullough,* 208 *Ga.* 776 (69 S. E. 2d 764); and *Martin* v. *Martin,* 209 *Ga.* 850 (76 S. E. 2d 390). Hence, no error is shown by the record.

*Judgment affirmed. All the Justices concur.*

Argued May 10, 11, 1954—Decided May 31, 1954.

*John Yancey, T. Arnold Jacobs,* for plaintiff in error.
*Martin, Snow & Grant,* contra.