19709. WALRAVEN *v.* COLUMBIA LOAN COMPANY, Inc.

HAWKINS, Justice. On December 12, 1956, Columbia Loan Company filed a rule for contempt in DeKalb Superior Court against James H. Walraven, for an alleged violation of the following order issued by Judge Clarence Vaughn, of said court, on October 25, 1956: "The within and foregoing case coming on regularly to be heard and after hearing evidence and argument of counsel, it is ordered that the defendant, James H. Walraven, be and he is hereby restrained and enjoined from receiving that property known as 1542 Ava Place, Decatur, Georgia, which may be set aside to him as homestead under the bankruptcy proceedings from the trustee or the court of bankruptcy. . . The defendant, James H. Walraven, is further restrained and enjoined from selling, conveying or concealing in any manner that property known as 1542 Ava Place, Decatur, Georgia, to any person or persons whomsoever."

The bill of exceptions specifies as material to a clear understanding of the errors complained of "The amendment to plaintiff in error's petition in bankruptcy." The brief of evidence, which bears the approval of the trial judge, recites: "No evidence introduced at trial except copy of amendment to bankruptcy schedules, hereto attached," and allowed filed by the referee in bankruptcy on November 15, 1956, and which reads as follows: "In the matter of James Harry Walraven, bankrupt. Now comes the bankrupt in the above captioned proceedings and with leave of the court first granted files this his amendment to his petition and schedules in bankruptcy heretofore filed and respectfully represents: (1) Bankrupt amends his Schedule B-5 by striking the words 'Homestead exemption under Georgia Code Section 51-101, $1600.00,' and substituting in its stead the following: 'No homestead exemption claimed.' (2) Bankrupt amends his summary sheet attached to his schedules to conform with the above amendment."

The exception here is to a judgment rendered by Judge Frank Guess, of DeKalb Superior Court, holding the defendant in contempt of court for a violation of Judge Vaughn's order of October 25, 1956, and providing that the defendant could purge himself by paying into the registry of the court a fixed amount representing the value of the waived homestead. *Held:*

Even if it could be conceded that by the November 15, 1956, waiver of "homestead exemption claimed" the defendant was "conveying" something, it certainly is not shown that by that action he was "conveying . . . that property known as 1542 Ava Place, Decatur," since the record fails to show that this property or any interest in it was ever set aside to the defendant as a homestead, nor is there any evidence in this record to establish the amount fixed by the order of the court by the payment of which into court the defendant could purge himself of contempt. In addition, the defendant was specifically "restrained and enjoined from receiving that property known as 1542 Ava Place, Decatur, Georgia, which *may be set aside to him as homestead* under the bankruptcy proceedings from the trustee or the court of bankruptcy," and by his waiver he avoided any possibility of his receiving this property as being "set aside to him as homestead under the bankruptcy proceedings." Since there is no evidence of any violation by the defendant of Judge Vaughn's order of October 25, 1956, or to support the judgment of Judge Guess, it was error to hold the defendant in contempt of court. *Yancey* v. *Mills,* 210 *Ga.* 684 (1) (82 S. E. 2d 505).

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 15, 1957—DECIDED JUNE 11, 1957—REHEARING DENIED JULY 3, 1957.

*Joseph U. McDow,* for plaintiff in error.
*Thomas E. Moran,* contra.