S90A0494. STATE OF GEORGIA et al. v. HARRELL.
(391 SE2d 641)

BENHAM, Justice.

This appeal concerns the authority of a trial court in a contempt action to modify an award of child support and the consequences of leaving such a modification undisturbed. A 1985 divorce decree required appellee to pay $220 per month for the support of each of his four children. The trial court in the present action found that a judgment entered in a 1986 contempt action brought by appellee's ex-wife found appellee to be more than $3,000 in arrears and ordered him to pay at least $110 per month. Later found to be in contempt of that order, appellee was ordered to continue the payments of $110 per month. A 1987 judgment found appellee indebted to appellant for unreimbursed public assistance paid for the support of his children. In 1989, appellant brought this action seeking an arrearage in child sup-

---

port of $32,780.65 based on the original support order of $220 per month per child. Appellee defended on the ground that the order of March 1986 reduced his obligation to $110 per month per child, producing a significantly smaller arrearage. The trial court agreed with appellee and found him in arrears $6,698, a combination of child support and unreimbursed public assistance. We granted appellant's application for discretionary appeal to consider the correctness of the trial court's holding that the 1986 order reduced appellee's child support obligation.

"We have held a trial court has no authority to modify a final judgment and decree of divorce in a contempt proceeding. [Cit.]" *Hancock v. Coley*, 258 Ga. 291 (4) (368 SE2d 735) (1988). It follows that the trial court in the 1986 contempt action erred in entering an order modifying appellee's child support obligation.

That does not, however, mean that the judgment from which this appeal is taken was erroneous. The judgment entered in 1986 was entered by a court of competent jurisdiction with jurisdiction over the persons of the parties. That being so, the modification of appellee's child support obligation was erroneous, but not void. A judgment which is erroneous but not void may be attacked only by direct appeal or by a motion to set aside the judgment. *Walden v. Smith*, 203 Ga. 207 (5) (45 SE2d 660) (1947). There was no appeal and there has been no action to set aside the 1986 judgment. In fact, since more than three years have passed since the entry of that judgment, the time for setting it aside has passed. OCGA § 9-11-60 (f).

Since the 1986 judgment is still in force, appellee's child support obligation is limited to the $110 per month ordered by that judgment, and will remain so until modified in a proper proceeding. Accordingly, the trial court's calculation of the arrearage owed by appellee was correct.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1990.

*Douglas D. Slade, Sr.,* for appellants.
*James R. McKay,* for appellee.