A95A1734. DEPARTMENT OF HUMAN RESOURCES
v. ANDERSON et al.
(462 SE2d 439)

Andrews, Judge.

Pursuant to the authority of OCGA § 19-11-12, the Georgia Department of Human Resources (DHR) ex rel. the minor child of Anderson and Camp conducted a review of an existing child support order and issued an administrative order pursuant to OCGA § 19-11-12 (d) adjusting the existing court award of child support. After the order was issued and the time limits for review set forth in OCGA § 19-11-12 (c) had expired, DHR petitioned the Superior Court for an order adopting the final administrative order as the order of the court. DHR appeals from the Superior Court's denial of its petition.[1]

OCGA § 19-11-12 was enacted pursuant to congressional mandate that the states periodically examine existing child support orders to address any inequities in the establishment of support obligations. Under OCGA § 19-11-12 (d), "[t]he administrative order adjusting the child support award . . . shall, upon filing with the local clerk of the court, have the full effect of a modification of the original order or decree of support." The Superior Court concluded that the statute does not provide for the court to enter an order adopting the administrative order, but provides that, "upon filing with the local clerk of the court," the administrative order, by operation of law, shall "have the full effect of a modification of the original [court] order" or decree of support.

DHR argues that DHR regulation 290-7-1-.08 provides authority requiring the court to enter an order adopting the administrative

---

[1] The Superior Court denied the petition, then denied DHR's motion for reconsideration. The court's denial of the petition would have been a final order requiring a discretionary appeal under OCGA § 5-6-35 (a) (2), but for the clear language in the order allowing the matter to remain pending subject to further motion or amendment by DHR. Since this language rendered the order interlocutory, we granted DHR's application for an interlocutory appeal to address the denial of the motion to reconsider. See *Mayor &c. of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (441 SE2d 63) (1994).

order. The regulation is predicated upon OCGA § 19-11-12 and provides that the Office of Child Support Recovery of DHR "may petition the appropriate court for modification in accordance with the final administrative decision. . . ." The regulation further provides for service of the petition upon the custodial and non-custodial parents and concludes that "[u]pon adoption by the court, the final administrative decision adjusting the child support award . . . shall have the full effect of a modification of the original order or decree of support."

"The test of the validity of an administrative rule is twofold: whether it is authorized by statute and whether it is reasonable." *Brown v. State Bd. of Examiners of Psychologists*, 190 Ga. App. 311, 312 (378 SE2d 718) (1989); *Ga. Real Estate Comm. v. Accelerated Courses &c.*, 234 Ga. 30, 32-33 (214 SE2d 495) (1975). A valid administrative rule has the same force and effect as the statutory scheme upon which it is predicated. *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734, 735-736 (350 SE2d 265) (1986). However, an administrative rule which exceeds the scope of or is inconsistent with the authority of the statute upon which it is predicated is invalid. *Strickland v. Phillips Petroleum Co.*, 248 Ga. 582, 586 (284 SE2d 271) (1981); *Rielli v. State*, 174 Ga. App. 220, 222 (330 SE2d 104) (1985).

DHR argues that "[a]lthough OCGA § 19-11-12 (d) suggests that the mere filing of an administrative adjustment works a modification, the Department has established the cited procedure to assure against any perceived violation of the separation of powers principles embodied in the Constitution. Ga. Const. 1983, Art. I, Sec. II, Para. III . . . [and that] [t]he rule merely adds an additional procedure which allows a court to adopt the Department's administrative findings and decision. . . ." The language of OCGA § 19-11-12 (d) does more than merely suggest that the filing of an administrative order with the clerk of the court modifies the court child support order — the statute flatly states that "[t]he administrative order adjusting the child support award . . . shall, upon filing with the local clerk of the court, have the full effect of a modification of the original order or decree of support." To the extent the regulation at issue attempts to add a requirement that the final administrative decision adjusting a court award of child support must be adopted by the court to be effective as a modification of the existing court order, it is inconsistent with the clear authority of the statute. Accordingly, we conclude the trial court did not err by denying DHR's petition for an order adopting the administrative order as provided by the regulation.[2] Our decision in *Dept. of Human Resources v. Lewis*, 217 Ga. App. 399 (457 SE2d 824)

---

[2] The validity of OCGA § 19-11-12 is not an issue presented in this case.

(1995) remanding the case and ordering the court to reinstate its previous order adopting DHR's administrative decision pursuant to OCGA § 19-11-12 did not address this issue and is not authority to the contrary.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 14, 1995.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Kevin M. O'Connor, Assistant Attorneys General, Kunz & Associates, Eva Jo L. Parmer,* for appellant.

John C. Anderson, *pro se.*

Sandra C. Camp, *pro se.*