## A95A1629. DEPARTMENT OF HUMAN RESOURCES v. SIGGERS.
### (463 SE2d 544)

Smith, Judge.

Sherwood Lamar Siggers brought an action in the Superior Court of Coweta County against June Kelly Siggers, seeking modification of child support. On November 3, 1993, after a hearing, the superior court set the amount of support to be paid by Mrs. Siggers at $10 per week.[1] The superior court specifically found that the financial information submitted by Mr. Siggers was "not credible."

Mr. Siggers apparently did not seek to appeal this order. Instead, only 15 days later, he requested review of the superior court order by the Georgia Department of Human Resources under OCGA § 19-11-12. DHR reviewed the superior court order, disregarded the court's earlier findings, and ordered Mrs. Siggers to pay $425.41 per month in child support, based solely on the percentage guidelines set forth in OCGA § 19-6-15.

Mrs. Siggers filed a petition for judicial review to contest DHR's decision. The superior court reversed, holding that DHR did not have the authority to establish child support because a court order already existed. The superior court also held that DHR's decision must be reversed in the absence of a finding of need for additional support for

---

[1] Under the original divorce decree, Mrs. Siggers was also required to maintain health and medical insurance for the benefit of the child of the marriage, now almost 16 years old.

the child. This Court granted DHR's application for discretionary appeal. We affirm the decision of the superior court.

The statute governing judicial review of agency orders, OCGA § 50-13-19, permits the superior court to reverse or modify an agency decision if, among other things, the administrative findings are "(2) [i]n excess of the statutory authority of the agency; (3) [m]ade upon unlawful procedure." OCGA § 50-13-19 (h). For several reasons, we conclude that the superior court properly reversed DHR's decision in this case. DHR's review and modification of the child support order were in excess of DHR's statutory authority and based upon unlawful procedure.

DHR relies on OCGA § 19-11-12 (b) for the authority to modify all "IV-D" child support orders, whether originating in a parental request or on its own initiative.[2] The Georgia Supreme Court has authorized DHR to *bring a legal action* in the superior court to modify child support obligations. *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 523 (1) (423 SE2d 383) (1992). We conclude, however, that OCGA § 19-11-12 does not authorize extrajudicial *agency* review of a court order, as DHR here contends. The relevant Code section clearly states: "The department shall implement a process for the periodic review and adjustment of IV-D child support *agency* orders." (Emphasis supplied.) OCGA § 19-11-12 (b). This appears to authorize review and adjustment only of a "IV-D *agency* decision" as defined in Rule 290-7-1-.03 (n): "the administrative decision of the DHR, Office of Child Support Recovery," and not a court order.

Other provisions of the Child Support Recovery Act, OCGA § 9-11-1 et seq., make this distinction clear. The definitive Code section explicitly identifies and defines a "[c]ourt order for child support," OCGA § 19-11-3 (1), but that term is not used in OCGA § 19-11-12. OCGA § 19-11-10 (a) authorizes DHR investigation of a parent's ability to support a dependent child and authorizes DHR to determine parental ability to support, using procedures described in OCGA § 19-11-12. OCGA § 19-11-10 (a) specifically provides, however, that such investigation shall be undertaken "[i]n cases in which a parent's obligation to support *has not already been established by a court order*." (Emphasis supplied.)

The extensive regulations governing agency review of existing court orders cited by DHR in support of its position are not persuasive in the absence of statutory authority. "[A]n administrative rule which exceeds the scope of or is inconsistent with the authority of the statute upon which it is predicated is invalid. [Cits.]" *Dept. of*

---

[2] DHR Rule 290-7-1-.03 (m) defines a IV-D order, in pertinent part, as "any order or judgment of a court of this state . . . or any final administrative decision of this state issued under O.C.G.A. § 50-13-1 et seq."

*Human Resources v. Anderson*, 218 Ga. App. 528 (462 SE2d 439) (1995).[3]

Moreover, allowing the DHR to review modification orders entered by the superior courts creates several major problems from the standpoint of public policy and orderly judicial administration. Because the statutory scheme for review of administrative decisions severely limits the power of the superior court to review agency findings, DHR's position in effect gives it the power to *overrule* an existing superior court order by administrative fiat. Judicial review of a DHR decision under OCGA § 19-11-12 is limited by the terms of OCGA § 50-13-19 (g) to the record made before the agency, and the superior court is bound by the findings of fact of the agency: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." OCGA § 50-13-19 (h). See also DHR Rule 290-7-1-.06 (5) (b). The effect of DHR's proposed interpretation of OCGA § 19-11-12 is obvious: DHR may, *as it did in this case*, ignore the findings of fact of a superior court made only a few days before agency review was initiated and, in effect, substitute *its* judgment for that of the superior court.

DHR's proposed interpretation of OCGA § 19-11-12 also creates conflicts with other statutory requirements. For example, OCGA § 19-11-12 (b) provides that DHR shall review IV-D child support agency orders no later than 36 months from establishment or from the most recent review. DHR contends this provision allows a parent or DHR to seek modification of an existing order at any time, even, as here, a few days after the entry of a modification order in a superior court. This interpretation, however, conflicts directly with the time restrictions placed upon modification actions by OCGA § 19-6-19 (a).

OCGA § 19-6-19 (a) provides in pertinent part: "No petition may be filed by either former spouse under this subsection within a period of two years from the date of the final order on a previous petition by the same former spouse." At least one purpose of the two-year limitation in OCGA § 19-6-19 (a) is to protect parents from excessive litigation over the same issues. *Griffin v. Griffin*, 248 Ga. 743 (285 SE2d 710) (1982). Under OCGA § 19-6-19 (a), Mr. Siggers would not have been allowed to request another modification from the court until November 1995.

"It is well-established that all enactments are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to

---

[3] In *Anderson*, this Court declined to consider the validity of OCGA § 19-11-12. Id. at note 2.

other statutes and the decisions of the courts, and that we should look diligently for the intention of the General Assembly, keeping in view the old law, the evil, and the remedy. OCGA § 1-3-1 (a)." (Citations and punctuation omitted.) *Atlanta Journal & Constitution v. Sims*, 200 Ga. App. 236, 237 (407 SE2d 464) (1991). The legislature cannot have intended OCGA § 19-11-12 to provide a method for parents to circumvent the time limitations of OCGA § 19-6-19 (a) for modifying a court order. Such an interpretation of OCGA § 19-11-12 would frustrate the goal of preventing excessive, repetitive, and harassing disputes over the sensitive and emotional issue of child support. In *Taylor v. Taylor*, 182 Ga. App. 412 (356 SE2d 236) (1987), this Court held that a juvenile court order modifying custody barred a petition for modification of child support for two years, citing the legislative intent of OCGA § 19-6-19 (a) set forth in *Griffin* and observing, "That purpose would be subverted if serial litigation were encouraged." Id. at 413. A litigant may not be permitted to do indirectly what the law forbids him to do directly. *Dept. of Human Resources v. Lewis*, 217 Ga. App. 399, 400 (457 SE2d 824) (1995).

In its decision, DHR also failed to make a finding of a change in financial circumstances, as required by OCGA § 19-6-19 (a) and its own regulations. The proper purpose of a modification action is to decide whether the existing child support comports with the current financial circumstances of the parties involved; parents must demonstrate a change in financial circumstances in order to modify an award. *Howard v. Howard*, 262 Ga. 144, 145 (1) (414 SE2d 203) (1992); see also OCGA § 19-6-19 (a). If parents, through DHR, were allowed to modify a court order pursuant to OCGA § 19-11-12 at will without such a showing, they would never choose to proceed under OCGA § 19-6-19 where their burden is greater.

Additionally, DHR failed to abide by its own rules requiring a determination of "whether a change in circumstances exists necessitating modification of a IV-D order." Rule 290-7-1-.06 (2). In DHR modifications of child support orders, like those brought under OCGA § 19-6-19, no need exists to modify an order unless there has been a change in financial circumstances. See, e.g., *Allen v. Dept. of Human Resources*, supra at 523-524 (2) (interpreting OCGA § 19-11-8 (b) to authorize DHR to file modification actions on behalf of children not receiving public assistance only when DHR can show child's need for additional support).

Finally, DHR's contention that it has the power to overrule a superior court modification order serves none of the stated purposes of the Child Support Recovery Act. "OCGA § 19-11-12 was enacted pursuant to congressional mandate that the states periodically examine existing child support orders to address any inequities in the establishment of support obligations." *Dept. of Human Resources v. An-*

*derson*, supra. The purpose of DHR review is to ensure that public assistance to needy children is a supplement to parental support, to provide for a determination of parental ability to support, and to provide for enforcement of parental support. OCGA § 19-11-2 (a). None of these concerns is implicated here. The ability of Mrs. Siggers to support her child had already been determined by the superior court, no evidence was offered that the dependent child required public assistance, and the only evidence presented showed that Mrs. Siggers was current on her child support payments.

Construing OCGA § 19-11-12 in the manner urged by DHR would allow administrative decisions to contradict, interfere with, and delay the application of lawful court orders. It would allow parents to avoid both the change in financial circumstances requirement and the time limitations of OCGA § 19-6-19 (a) for modification of child support, and it would allow them to continue litigation on this issue indefinitely. Even after a superior court order was modified by DHR and once again reviewed in the superior court, a dissatisfied parent could return to DHR at once and begin the entire process anew. Those motivated by spite or the desire to win at all costs could embroil their former spouses in hearings before DHR forever, or at least until all children of the marriage attained majority. The waste of time, resources, and energy is apparent.

We conclude that DHR's administrative modification of Mrs. Siggers' court-ordered child support was in excess of DHR's statutory authority and made upon unlawful procedure in violation of OCGA § 50-13-19 (h) (2) and (3). The decision of the superior court reversing the administrative findings of DHR is therefore affirmed.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1995 — ▇▇▇▇▇▇▇▇

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Kevin M. O'Connor, Assistant Attorneys General*, for appellant.

*Wood, Odom & Edge, Gus L. Wood III, Sara L. Mimbs*, for appellee.