A96A0102. DEPARTMENT OF HUMAN RESOURCES v. JONES.
(472 SE2d 331)

McMURRAY, Presiding Judge.

Permission to file a discretionary appeal was granted to the Georgia Department of Human Resources ("DHR") under the following circumstances: Ostensibly under the authority of OCGA § 19-11-12, DHR, ex rel. Phyllis Jones, initiated an administrative review of respondent Mark L. Jones' child support obligation as established by a 1989 order of the Superior Court of Upson County, Georgia. After a hearing, the administrative hearing officer determined that "Respondent's child support obligations [should be] increased from $217.50 per month [as established by the court in 1989] to $578.65 per month," applying the Child Support Guidelines enacted at OCGA § 19-6-15 (b). The effective date of this administrative order increasing respondent's court-ordered child support obligations was expressly conditioned upon its being "adopted by a superior court." On appeal, the superior court, citing *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124), concluded that the exclusive method of changing court-ordered child support was through a modification action brought in the superior court, and vacated the administrative order in this case as "null and void." DHR's application for discretionary appeal was granted by this Court and a timely notice of appeal was filed. *Held*:

DHR contends the trial court erred in vacating the administrative modification order because under the Georgia Child Support Recovery Act, OCGA § 19-11-1 et seq., OCGA § 19-11-12 specifically authorizes administrative review and modification of court-ordered child support obligations, as part of a comprehensive legislative scheme to comply with the mandates of federal law, notably 42 USC § 666 (a) (10). In our view, however, this case is controlled by the recent decision in *Dept. of Human Resources v. Siggers*, 219 Ga. App. 1 (463 SE2d 544), cert. denied. In *Siggers*, this Court held that OCGA § 19-11-12 (b) authorizes administrative "review and adjustment only of a 'IV-D *agency* decision' as defined in Rule 290-7-1-.03 (n) [of the Rules and Regulations of the State of Georgia]: 'the administrative decision of the DHR, Office of Child Support Recovery,' and not a court order." (Emphasis in original.) 219 Ga. App. 1, 2, supra. "The Georgia Supreme Court has authorized DHR *to bring a legal action* in the superior court to modify child support obligations. *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 523 (1) (423 SE2d 383) (1992). We conclude, however, that OCGA § 19-11-12 does not autho-

rize extrajudicial *agency* review of a court order, as DHR here contends[, even though that administrative order was explicitly conditioned upon approval by the superior court after review of a final administrative decision under OCGA § 50-13-19 of the Georgia Administrative Procedure Act, OCGA § 50-13-1 et seq.]." (Emphasis in original.) *Dept. of Human Resources v. Siggers*, 219 Ga. App. 1, 2, supra.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 17, 1996 —
RECONSIDERATION DENIED MAY 30, 1996.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Kevin O'Conner, Assistant Attorney General*, for appellant.

*Alan W. Connell*, for appellee.