## S04A0022. COLLINS v. BILLOW.

(592 SE2d 843)

Hunstein, Justice.

We granted the application for discretionary appeal in this domestic case to consider whether the trial court erred in holding Wife in contempt of its previously entered child support order. Because we find that Wife made the child support payments required under such order, we reverse.

Husband and Wife were divorced in February 1996 by a final decree awarding primary custody of the parties' two children to Husband and directing Wife to pay 23% of her annual income, or $115 per week, to Husband in child support. A year later, Husband filed a contempt action asserting Wife was $2,000 in arrears in child support payments. Wife subsequently filed a separate action to modify visitation and child support in order to provide a sum certain award rather than a percentage of income. After a consolidated hearing on the two actions, on February 27, 1998, the trial court entered a single order under the contempt action case number in which it modified visitation and directed that child support be set at $140 per week. Apparently realizing that the single order was issued under the contempt case number and omitted any reference to the visitation action, counsel for the parties drafted two separate orders addressing the same issues. The orders were entered on March 10, 1998. The first order addressed the modification of visitation in Wife's action. The second order, entered in Husband's contempt action, vacated the February 27, 1998 order and set child support at $140 per week.

On August 28, 2001, Husband again filed a contempt action asserting that Wife owed more than $20,000 in child support because she failed to pay child support in the amount of 23% of her gross income. Wife argued that the March 10, 1998 contempt order modified the child support award and that she had paid the $140 modified amount every week since the entry of the March 1998 order.

After a hearing at which both parties presented evidence, the court held Wife in contempt for failure to pay child support in accordance with the March 10, 1998 order. The court held that the language in that order setting child support at $140 did not constitute a modification of Wife's child support obligation under the divorce decree but merely reflected the amount of child support then owed by Wife under the decree's provision for payment of 23% of gross income. Wife was ordered to pay $17,194 in arrearages and weekly child support in the amount of $140. We granted Wife's application for discretionary appeal to consider: (1) whether the language of the March 10, 1998 judgment setting child support at $140 per week erroneously modified the award of child support within a contempt proceeding; and (2) if the March 10, 1998 judgment was erroneously entered, was it void, and if not, is the judgment still in effect because it was not appealed and there has been no motion to set aside the judgment. See *State of Ga. v. Harrell*, 260 Ga. 202 (391 SE2d 641) (1990); OCGA § 9-11-60.

1. A trial court has no authority to modify the terms of a divorce decree in a contempt proceeding. *Harper v. Smith*, 261 Ga. 286 (404 SE2d 120) (1991). In the present case, the divorce decree required Wife to pay weekly child support payments equal to 23% of her gross income, or $115 per week. The March 10, 1998 contempt order adjusted child support upward to $140 per week. Husband argues that the $140 award constituted 23% of Wife's weekly gross income at the time of the contempt hearing and, thus, was simply a clarification of the child support award in the original decree. We disagree. The record reflects that 23% of Wife's then current gross income would have required an award of $158 per week. Had the upward adjustment been a clarification of the amount of support due pursuant to the language of the original decree, Wife's child support obligation would have been set at this greater amount. Accordingly, the March 1998 contempt order increasing Wife's child support obligation to $140 was an improper modification of the final judgment.

2. Although we find the $140 child support award was erroneously entered, it is not void as long as it was entered by a court of competent jurisdiction. See *State of Ga. v. Harrell*, supra, 260 Ga. at 202. In *Harrell*, we held that:

[a] judgment which is erroneous but not void may be attacked only by direct appeal or by motion to set aside the judgment. [Cit.] There was no appeal and there has been no action to set aside the [previous] judgment. In fact, since more than three years have passed since the entry of that judgment, the time for setting it aside has passed. OCGA § 9-11-60 (f).

Id. at 203. Here, the trial court uncontestedly had both subject matter and personal jurisdiction over the parties, and it is undisputed that Husband did not appeal from the March 10, 1998 order. Because more than three years have passed without the filing of a motion to set aside that order, the March 10, 1998 order is still in force, and Wife's child support obligation is limited to the $140 per week ordered by that judgment until otherwise modified in a proper proceeding. Inasmuch as Wife paid child support in the amount of $140 per week from the entry of the March 10, 1998 order, we find the trial court abused its discretion in holding Wife in contempt for failing to pay more than the required amount.

*Judgment reversed. All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

While agreeing with the majority that the trial court erred in holding Wife in contempt for failing to pay more than $140 per week in child support, I would not characterize that error as an abuse of discretion. A trial court acts as the trier of fact in a contempt action, and is vested with broad discretionary power when the evidence is conflicting. *Yancey v. Mills*, 210 Ga. 684, 685 (1) (82 SE2d 505) (1954). Here, however, there was no conflicting evidence upon which the trial court could exercise its discretion. As recited by the majority on page 605 of its opinion, the undisputed evidence shows that "the March 1998 contempt order increasing Wife's child support obligation to $140 was an improper modification of the final judgment[,]" rather than a clarification of her obligation under the decree. Notwithstanding a trial court's discretionary authority in matters of contempt, the terms of the final judgment in a divorce case cannot be modified in a subsequent contempt proceeding, as a matter of law. *Harper v. Smith*, 261 Ga. 286 (404 SE2d 120) (1991).

However, Husband's contempt action was not the only proceeding involving the divorce decree pending in 1998. Wife's modification action was also before the trial court at that time, and in that proceeding she had sought to change the amount that she should pay for child support from a percentage of her income to a sum certain. There is no question that the increase in Wife's child support obligation to the specific amount of $140 per week would be valid if it appeared in a separate order entered in her modification action or in a consolidated order entered in both cases. *Olliff v. Olliff*, 234 Ga. 892 (218 SE2d 622) (1975); OCGA § 9-11-42 (a).

Thus, the actual error that I perceive in this case consists of the trial court's mistaken inclusion of the provision increasing the amount of child support in the context of the order styled in Husband's contempt proceeding, rather than correctly including it as a

provision in the order entered in Wife's contemporaneous modification action. Under these circumstances, I do not agree with the majority that OCGA § 9-11-60 (f) precludes the correction of this error because three years have passed since entry of the contempt order. OCGA § 9-11-60 (g) provides that clerical mistakes in judgments and orders arising from oversight or omission may be corrected "at any time." I believe that, pursuant to subsection (g), the trial court, acting either sua sponte or on Wife's motion, would be authorized to eliminate the provision increasing child support to the sum certain of $140 per week from the contempt order and to add it to the modification order. See *Smith v. Smith*, 230 Ga. 238 (196 SE2d 437) (1973). Compare *State of Ga. v. Harrell*, 260 Ga. 202 (391 SE2d 641) (1990) (no modification action pending at time of entry of erroneous order in contempt proceeding).

DECIDED FEBRUARY 16, 2004.

*Stern & Edlin, George S. Stern, David J. Beaudry*, for appellant. *Head, Head & Head, James B. Head*, for appellee.