S04A0016. LOURADOUR v. BRITT.
(598 SE2d 464)

BENHAM, Justice.

The parties, parents of a child born in December 1987, were divorced in 1993 in the Superior Court of Walton County. In September 2002, custodial parent Britt ("Mother") filed a petition for contempt in which she alleged her ex-husband Louradour ("Father") had failed to meet several of his obligations under the final judgment and decree of divorce in that he had failed to pay self-executing increases in child support[1] and some of the child's medical bills, and had failed to provide health insurance for the child. In response, Father contended his child support obligation had been modified in 1994 by a consent order[2] entered in a case brought against Father by the Georgia Department of Human Resources on behalf of the couple's child after Mother had applied to DHR for child support enforcement

---

[11] See *American Mut. &c. Ins. Co. v. Curry,* 187 Ga. 342, 353 (200 SE 150) (1938).

[1] The divorce judgment incorporated the parties' settlement agreement in which Father agreed to pay $65/week child support based on his current earnings of $9.14/hour. Father also agreed to pay 20 percent of any increase in his hourly rate as child support. In *Kendrick v. Childers,* 267 Ga. 98 (475 SE2d 604) (1996), we recognized the efficacy of a child support order that provided for automatic future increases in the amount of child support.

[2] The January 1994 consent order required Father to pay child support of $175 bi-monthly through DHR's Office of Child Support Enforcement. The income deduction order to which Father agreed provided for monthly withholding of $350 and, since entry of the 1994 consent order in 1994, Father has paid $350 per month.

services.[3] It is undisputed Father has made payments pursuant to the 1994 court order since its entry. Relying on the Court of Appeals's decision in *Dept. of Human Resources v. Siggers*, 219 Ga. App. 1 (463 SE2d 544) (1995), the court hearing the contempt action ruled the 1994 order did not modify the 1993 final judgment and decree and found Father in contempt and owing past due child support in an amount stipulated by the parties to be $14,915.[4] Father filed an application for discretionary review which this Court granted. We asked the parties to address whether the trial court erred in relying on *Dept. of Human Resources v. Siggers* and the effect, if any, of this Court's recent decision in *Dept. of Human Resources v. Allison*, 276 Ga. 175 (575 SE2d 876) (2003).

1. The 1994 order is not an administrative order, but a court order, the entry of which was never appealed or set aside, making it enforceable. *State of Ga. v. Harrell*, 260 Ga. 202, 203 (391 SE2d 641) (1990). See also *Collins v. Billow*, 277 Ga. 604 (2) (592 SE2d 843) (2004). Compare *Ward v. Dept. of Human Resources*, 273 Ga. 52 (537 SE2d 70) (2000) (non-custodial parent appealed judicially-imposed child support awarded as a result of petition for support filed by DHR); *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521 (423 SE2d 383) (1992) (custodial parent objected to DHR's petition for downward modification filed on behalf of non-custodial parent); *Dept. of Human Resources v. Jones*, 221 Ga. App. 580 (472 SE2d 331) (1996) and *Dept. of Human Resources v. Siggers*, supra, 219 Ga. App. 1 (non-custodial parent appealed DHR's action taken in administrative review of court-ordered child support). "Since the [1994 order] is still in force, [Father's] child support obligation is limited to the [amount] ordered by that judgment and will remain so until modified in a proper proceeding." *State of Ga. v. Harrell*, supra, 260 Ga. at 203. See also *Collins v. Billow*, supra, 277 Ga. at 606. "Inasmuch as [Father] paid child support in the amount of [$350 per month] from the entry of the [1994] order, we find the trial court abused its discretion in holding [Father] in contempt for failing to pay more. . . ." Id. See also *State of Ga. v. Harrell*, supra. Consequently, we reverse that portion of the contempt court's order which requires Father to pay Mother $14,915.

2. The trial court erred when it relied on *Dept. of Human Resources v. Siggers*, supra, 219 Ga. App. 1. *Siggers* holds only that "OCGA § 19-11-12 does not authorize extrajudicial *agency* review of a

---

[3] The parties agree Father was behind in his child support payments at the time DHR filed its complaint, but was current in January 1994 when the Superior Court of Walton County issued the consent order executed by Father and DHR.

[4] In addition, the court found Father in contempt for his failure to pay $1,568.76 in past-due medical expenses and ordered Father to pay $2,000 to Mother's attorney as attorney fees.

court order. . . ." Id. at 2. The 1994 order at issue here was not the result of an administrative proceeding conducted by DHR, but was a civil action brought by DHR. See *Allen*, supra, 262 Ga. 521 (1), where this Court held DHR was authorized under OCGA § 19-11-8 (b) to bring an action seeking upward modification of a child support obligation imposed by a final judgment and decree of divorce on behalf of a child not receiving public assistance. As for our query regarding the applicability, if any, of our decision in *Dept. of Human Resources v. Allison*, supra, 276 Ga. 175, to the case at bar, we conclude *Allison* is distinguishable since DHR was not proceeding on behalf of the non-custodial parent in the case at bar and the 1994 consent order effected an increase in Father's child support obligation when it was entered.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 14, 2004 —
RECONSIDERATION DENIED JULY 12, 2004.

*Steinberg & Vrono, Charles J. Vrono*, for appellant.
*Joseph M. Todd*, for appellee.