HINES, Justice.
 

 This Court granted ex-wife Mary Smith ("Wife") discretionary review of a superior court ruling on her application for contempt against her ex-husband Michael Smith ("Husband") in order to consider whether the superior court improperly modified the parties' final judgment and decree of divorce within the contempt proceeding. Finding that it did, we reverse.
 

 A chronology of the divorce litigation is necessary. The Smiths' divorce action was tried before a jury, and a final judgment and decree on the jury's verdict was entered on June 9, 2003.
 
 [1]
 
 The final judgment and decree ("decree") provided, inter alia, that the Wife would receive 50% of the Husband's IRA valued as of the date of the verdict, with payment to be accomplished by a "[t]rustee-to-[t]rustee" transfer to the Wife's IRA; the marital residence; one-half of the cash value of a life insurance policy; one-half of the balance owed on a note and one-half of the security for the note; 10% of the Husband's shares of common stock in Biomedical Disposal, Inc., a company for which the Husband was chief executive officer; 50% of the VI-IX stock owned by the Husband; 50% of the PSSI stock which the Husband admittedly owned; $5,000 per month in alimony for 48 months and thereafter $4,000 per month for the "next immediate 24 months"; and a division of the remaining marital property in the lump sum amount of $291,000 to be paid within 60 days of May 2, 2003. The decree further awarded the Wife $2,000 per month in "supplemental alimony" to assist in her support of the parties' disabled adult daughter, to be paid during the life of the daughter,
 
 [2]
 
 and 32½% of the Husband's Biomedical Disposal, Inc. stock to help reimburse the Wife for support of the daughter. Also, based upon the agreement of the Husband, 32W0 of the Husband's Biomedical Disposal, Inc. stock was awarded to the parties' minor son, to be held in trust and controlled by the Husband.
 
 [3]
 

 The Husband filed a motion for a new trial, which was denied on September 25, 2003.
 

 *521
 
 denying a new trial, the superior court found all of the alleged grounds for a new trial to be meritless, and that the Husband's acceptance of benefits under the decree was inconsistent
 

 **205
 

 with asking for a new trial.
 
 [4]
 
 The Husband then filed an application for discretionary appeal in this Court, which was granted automatically under this Court's pilot project. See
 
 Wright v. Wright,
 

 277 Ga. 133
 
 ,
 
 587 S.E.2d 600
 
 (2003). However, on June 16, 2004,
 
 [5]
 
 the superior court dismissed the Husband's appeal for his failure to pay costs. This Court denied the Husband's application for discretionary appeal from the dismissal.
 

 On October 14, 2004, the Wife filed an application for contempt in the superior court alleging the Husband's failure to make certain payments and transfers of property required by the decree.
 
 [6]
 
 Following a hearing, the superior court entered the present order in which it acknowledged the Husband's failure to comply with provisions of the decree, but found that the Husband was not in contempt because his noncompliance was "excused by reasons of impossibility and/or illegality and a reasonable desire for clarification." It expressly found, inter alia, that in regard to the 50% award of the Husband's IRA to the Wife, which amounted to $5,976.27, the Husband had depleted this IRA making "strict compliance" impossible and causing the award to be made in "an alternate form"; that the Husband did not then or since the decree have the awarded $291,000 available in a lump sum to transfer to the Wife, therefore "strict compliance" with this provision was also impossible and instead the Husband was required to pay this amount plus interest in monthly payments as directed in the order; that the VHX stock awarded to the Wife did not exist or have any value at the date of trial, therefore, transfer of the stock was impossible; that the parties did not own any shares of PSSI stock as of the date of trial, therefore, a transfer of this stock was impossible; that the award of stock to the parties' son was void and unenforceable; that the $2,000 per month awarded as "supplemental alimony" to the Wife constituted support for an adult child, and was therefore, void and unenforceable; that the Husband was in arrears in alimony payments, but because of "confusion" associated with the decree and because of the Husband's financial circumstances, he was not then in contempt on that issue; and that the $7,500 attorney fee award
 

 **206
 

 should be deducted from the $53,000 attorney fee award, thereby leaving a principal balance of $45,500.
 

 1. As a threshold matter, the Wife urges that the Husband improperly used the contempt proceeding to attack the decree and asserts that the procedural history of this case foreclosed the Husband from challenging the decree's provisions. Such argument raises notions of res judicata, OCGA § 9-12-40,
 
 [7]
 
 and the law of the case rule, OCGA § 9-11-60(h).
 
 [8]
 
 See
 
 Kent v. White,
 
 266 Ga.
 

 *522
 
 App. 822,
 
 598 S.E.2d 113
 
 (2004). However, pretermitting the procedural question of whether the superior court's dismissal of the Husband's appeal following the denial of his motion for new trial or this Court's denial of discretionary review of the dismissal of the appeal constituted a ruling regarding the decree sufficient to bar reexamination of the decree's provisions,
 
 [9]
 
 the superior court's order on the contempt is problematic for the most basic of reasons.
 

 2. Certainly, in order for an individual to be held in contempt, there must be a willful disobedience of the court's decree or judgment, and a trial court has the discretion to rule on the issue of contempt.
 
 Simpkins v. Simpkins,
 

 278 Ga. 523
 
 (1),
 
 603 S.E.2d 275
 
 (2004). However, a trial court lacks the authority to modify the terms of a divorce decree in a contempt proceeding.
 
 Collins v. Billow,
 

 277 Ga. 604
 
 , 605(1),
 
 592 S.E.2d 843
 
 (2004). And it is plain that in this case, the superior court did far more than refuse to find the Husband in contempt because of purported difficulty in compliance with the decree; it substantially modified the decree. The superior court, inter alia, nullified awards of stock to the Wife and son as well as the monthly supplemental alimony to the Wife, and it significantly reduced the attorney fee award to the Wife. It also altered payments of the Wife's shares in the Husband's IRA and the Wife's lump sum award on the stated basis that the Husband's "strict compliance" with
 

 **207
 

 the mandates of the decree was impossible. But, such "strict compliance" by the Husband was apparently rendered impracticable largely by the Husband's own hand, that is, he elected to deplete, in part by his lifestyle choices, the very funds that constituted the awards. Thus, as to these awards, the Husband plainly benefitted from his violations of the decree.
 

 The Husband counters that he could not be held in contempt and that the superior court was within its authority to nullify certain provisions of the decree, such as the awards of supplemental alimony and of stock to the children
 
 [10]
 
 because they are void as against Georgia law. But, that is not the case. Even assuming arguendo that the cited provisions were erroneously made, it does not render the provisions of the judgment void; the judgment is not void so long as it was entered by a court of competent jurisdiction.
 
 Collins v. Billow,
 

 supra at 605
 
 (2),
 
 592 S.E.2d 843
 
 ;
 
 State of Ga. v. Harrell,
 

 260 Ga. 202
 
 ,
 
 391 S.E.2d 641
 
 (1990). "[A] judgment which is erroneous but not void may be attacked only by direct appeal or by motion to set aside the judgment."
 
 Collins v. Billow,
 

 supra at 605
 
 (2),
 
 592 S.E.2d 843
 
 . Here, the Husband forfeited his automatically-granted appeal of the decree by his failure to pay costs. And he never moved to set aside the decree.
 
 [11]
 

 Simply put, the contempt proceeding was not the vehicle to alter the decree. Accordingly, the superior court's order on the contempt is reversed and the matter is remanded to the superior court for consideration consistent with this opinion.
 
 [12]
 

 Judgment reversed and case remanded.
 

 All the Justices concur.
 

 The jury found, inter alia, that the Husband's gross income was $239,149 per year and that the Wife's gross income was $18,160 per year.
 

 The decree specified that the daughter, who suffered from cerebral palsy and was legally blind, was totally dependent upon the Wife for support.
 

 The Husband, who was represented by multiple attorneys in the divorce, was initially ordered to pay the Wife $7,500 in attorney fees, and in a subsequent order was directed to pay $53,000 in attorney fees.
 

 The superior court found specifically that the Husband had sold a vehicle awarded to him as a marital asset, had purchased a diamond ring for his fiancé, spent money from certain bank accounts that the jury had awarded equally to him and the Wife, cashed in a retirement account he had been awarded, and had sought permission to sell real estate awarded under the decree; the court further found that the Husband never tendered back or returned any of the money or property awarded under the decree that he admitted taking and using for his personal benefit.
 

 The order was issued nunc pro tunc to June 10, 2004.
 

 The Wife had filed an earlier application for contempt on December 23, 2003, and on February 27, 2004, the superior court found the Husband in willful contempt for failing to make required support payments to the Wife.
 

 OCGA § 9-12-40 provides:
 

 A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.
 

 OCGA § 9-11-60(h) states:
 

 Law of the case rule. The law of the case rule is abolished; but generally judgments and orders shall not be set aside or modified without just cause and, in setting aside or otherwise modifying judgments and orders, the court shall consider whether rights have vested thereunder and whether or not innocent parties would be injured thereby; provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.
 

 The Wife's argument also raises the authority of a trial court to modify a judgment pursuant to a motion to set aside under OCGA § 9-11-60(d); however, the ruling at issue does not involve a motion to set aside the decree.
 

 The award of stock to cover the expenses for the adult disabled daughter was actually made to the Wife and not the daughter. As to the award of stock regarding the minor son, it was to be held in trust and controlled by the Husband, and the decree expressly states that the Husband agreed to the award; thus, his agreement to do so is enforceable.
 
 Brannon v. Brannon,
 

 261 Ga. 565
 
 ,
 
 407 S.E.2d 748
 
 (1991).
 

 It should be noted that a person who has accepted benefits under a divorce decree is estopped from seeking to set aside that decree without first returning the benefits.
 
 White v. White,
 

 274 Ga. 884
 
 , 885(1),
 
 561 S.E.2d 801
 
 (2002).
 

 It is unnecessary to address the Wife's remaining contentions of error regarding findings of fact and conclusions of law of the superior court inasmuch as the contempt proceeding will again be before that court for disposition.